THOMAS BAILEY v. WILLIAM L. JOHNSON, JOSIAH H. BURTON, WARREN BEMAN AND MAHLON D. OGDEN.

In an action brought by a sub-contractor to enforce a lien claimed to have been acquired under the mechanics' lien law of 1851, it must appear by the complaint,

1. That labor or materials have been furnished in the erection of the building, in conformity with the contract made by the original contractor with the owner.

2. That within six months thereafter, a notice in writing, under the sixth section of the act, claiming a lien for the work or materials thus furnished, was filed with the county clerk.

3. That at the time of filing the notice of lien, or subsequently, a payment was due or has since become due from the owner to the contractor upon the original contract.

4. That the contracting owner had some interest in the property at the time the notice claiming the lien was filed.

Where, in an action to enforce a mechanic's lien, the complaint fails in any of the foregoing requisites, a motion to dismiss at the trial is proper, and will be granted.

Bailey v. Johnson.

A bona-fide purchaser of the premises before the filing of notice of the lien, cannot be "chargeable" with such notice.

Although as to some defects, a complaint may be amended at the trial in furtherance of justice, yet where it cannot be amended without changing the form of action, the amendment will not be allowed.

Where, in a proceeding instituted by a sub-contractor under the mechanics' lien law of 1851, it appears by the complaint, and by the facts admitted by the counsel, that no lien can be established, a motion for leave to amend the proceeding into an ordinary action for the recovery of money, against the contractor, will be denied.

An application for leave to amend a pleading at the trial, is addressed to the favor of the Court, and its disposition is not the subject of review upon appeal.

It seems that the plaintiff has a right to prove the ownership of the party charged, however numerous the record-evidences are to the contrary, provided that those evidences were created for the purpose of defrauding him, or defeating claims arising under the lien law.

Where, in an action to enforce a mechanic's lien against several defendants who appeared by the same attorney, the complaint was dismissed on motion, on the ground that it did not contain facts sufficient to constitute a cause of action, without any trial of the issues raised by the answers, and it did not appear that their defences were such as could not have been joined,— Held, that separate bills of costs should not be allowed to these defendants.

The issues in this action came on to be tried before Judge DALY, without a jury, on the 24th and 25th days of February, 1859.

The defendants severally, by their respective attorneys, moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The Court ruled and decided that the complaint was insufficient; to which ruling and decision the counsel for the plaintiff excepted.

The plaintiff's counsel then asked leave to amend; but the Court denied the motion, and held that although as to some defects, the complaint might perhaps be amended in furtherance of justice, yet, that as to other defects, it could not be amended without changing the form of action. To which the plaintiff's counsel excepted.

The counsel for the plaintiff then asked leave to go on and prove his claim against William L. Johnson, with a view to

take judgment against him as contractor under the law of 1855. The Court ruled that the plaintiff could not recover judgment against the contractor, and to this decision the counsel for the plaintiff excepted. The plaintiff appeals to the general term. The facts upon which the action was founded will appear in the opinions.

*H. Brewster*, for appellant.

I.  A motion to dismiss the complaint without proofs should not be encouraged, because if the complaint does not show a cause of action, the defendant should demur.  On demurrer the party will be admonished to examine all defects, and has then a right of amending for twenty days without costs. (Code, § 172.)

II.  The Court should only dismiss a complaint on trial, for the reason that there appears clearly to be a defective cause of action, and not a cause of action defectively stated, even if there be an omission of material averments.

III.  The only point argued on the motion below was that the complaint showed the plaintiff could not recover, because it appeared that Burton had conveyed to Leeds.

On this we say, that the allegations show that Beman had an interest, and was real owner, and that the Court could, and should, look through the disguises thrown around the title to try to escape the lien law.

The owner within the lien law is not the person in whose name the legal title stands.  *Loonie* v. *Hogan*, 2 E. D. Smith, 681; Nott on the Lien Law, page 100.  Therefore, as some one must be owner, it is he for whom the building is erected.

In this case the house was built by Beman for himself; he was owner by purchase, and Leeds held for him and for his benefit.  *Lemen* v. *Whitney*, 4 Russell Ch. Rep. 423; Story Equity, sec. 1197; 3 Rev. Stat. 5 ed., page 52.

IV.  The complaint charges that Ogden purchased with notice of our lien, which was filed 28th day of September, 1857, and that the premises were conveyed to him in February, 1858.

V. The plaintiff should have been allowed to amend; and, in some cases, it is so much a matter of positive right that it is error to refuse it. *Vide Catlin* v. *Gunter*, 1 Kernan, 368. And when the Statute of Limitation has run, the Court go very far to relieve by amendment. *Miller* v. *Watson*, 6 Wend. 506. In this case the right to commence an action ended on the 28th day of September, 1858.

VI. The plaintiff should have been allowed to take judgment against Johnson, the contractor, under § 5 of the Statute of 1855, Laws 1855, page 751. In *Grogan* v. *The Mayor*, &c., 2 E. D. Smith, 693, the plaintiff was allowed to take judgment against Patrick McAuliffe, the contractor. See *Ryan* v. *O'Brien*, before BRADY, Judge, February Term, 1859; *Grogan* v. *McMahon*, 4 E. D. Smith, 754.

*Andrew H. Green*, for respondent Mahlon D. Ogden.

I. The complaint does not contain facts sufficient to constitute a cause of action. It attempts to set forth two causes of action against different sets of defendants. One under the Mechanics' Lien Law and the other, to set aside certain deeds on equitable grounds. The statement of facts is insufficient to constitute either of these. These causes of action do not belong to one class. Neither of them affect all the parties to the action; and they are not separately stated. Code, § 167; Laws 1855, page 955, § 8; *Lexington R. R.* v. *Goodman*, 15 How. 85. (1.) As constituting a cause of action under the Lien Law, the complaint should be confined to the parties named in the notice of lien. Laws 1851, pages 953, &c., §§ 1, 4, 6, 8. (2.) It does not state that Ogden was the owner of the premises, nor that plaintiff had any contract with Ogden as such owner, nor with his agent, nor that plaintiff performed any labor, &c., in pursuance of an agreement with a contractor, with Ogden, or his agent, and in conformity with the terms of such contract, nor that such contract had been so far performed as was, *prima facie*, sufficient to entitle the contractor to recover, had he brought his action for the same cause, nor that anything was due on such contract. Laws 1851, p. 953, § 1; *Dixon* v. *La-farge*, 1 E. D. Smith, 724; 2d Id. 662; 3d Id. 625, 681, 717. (3.) It does not state whether the contract was in writing, or

Bailey v. Johnson.

under seal, nor how it was modified, nor whether the labor or materials were used by Ogden, or his agent, or the *original* contractor, in the erection, alteration, or repairing of the building. Laws 1851, p. 954, § 3; *Walker* v. *Paine*, 2 E. D. Smith, 663. (4.) It does not state that within six months after the performance of such labor, &c., Bailey served a notice in writing on the county clerk, specifying *Ogden* as one of the persons against whom his claim was made. Laws 1851, p. 954, § 6; *Beals* v. *Congregation Benai Jeshurun*, 1 E. D. Smith, 654. (5.) It does not state that at the time of filing the notice of lien, Ogden had any right, title, or interest in the premises; nor that Burton, Beman, or Johnson, the only parties named in said notice, had any right, title, or interest in said premises. Laws 1851, pp. 953, 954, § 1, 6. (6.) The claimant, by his own showing, had no valid lien, the premises having been previously conveyed to Leeds. And his contract was made, and work done, after such conveyance was recorded. (7.) Plaintiff's lien, if any was created, expired when judgment was rendered in this action. Laws 1851, p. 956, §§ 9 and 12, and see 3 Comstock, 305. *Sullican* v. *Brewster*, 1 E. D. Smith, 682.

II. The motion to amend was in the discretion of the Judge, and is not ground of exception. To sustain an exception for a refusal of the Judge at the trial to allow an amendment of the complaint, the party must show a clear case of unquestionable right. *Roth* v. *Schloss*, 6 Barb. 308; *Brown* v. *McCune*, 5 Sand. 224. The defects are not amendable. The complaint cannot be amended without changing the form of action. Ogden cannot be reached without an action to set aside the deeds, which this is not, and it cannot be changed into such an action. Leeds would be a necessary party. *Foster* v. *Poillon*, 2 E. D. Smith, 556; *Quimby* v. *Sloan*, ib. 594; *Sinclair* v. *Fitch*, 3 E. D. Smith, 691; *Peck* v. *Ward*, 3 Duer, 647.

*F. C. Castine*, for other respondents.

By the Court.—Hilton, J.—I am convinced that it is impossible, in any brief manner, to convey an intelligible idea of what the complaint in this action really is. As nearly as I can understand from the mass of rambling and incoherent matter with which it is stuffed, the intent of the pleader was, to allege

Bailey v. Johnson.

that the defendants, Burton and Beman, being the owners of lot No. 7, 37th street, in this city, contracted with the defendant Johnson to do the carpenter work of the building erected thereon; and Johnson employed the plaintiff to perform a portion of this work. Accordingly, between July 1st and September 25th, 1857, work and materials were furnished by the plaintiff towards the building, amounting in value to $450.

On September 28th, 1857, this sum being due and unpaid, the plaintiff filed with the county clerk of New York, a notice in due form, to constitute a lien on the premises under the statute respecting mechanics' liens, passed in 1851, and the act amending the same; claiming against Johnson, as contractor, and Beman and Burton, as owners. That a notice to them to appear and account and a bill of particulars had been duly served, according to the statute.

It is then alleged, that Burton, who held the title to the property, had conveyed it, without any consideration, however, to one George Leeds, who, subsequently, at the request of Beman, conveyed it to the defendant Ogden, to secure the payment of certain moneys due to him from the defendant Deming, who caused this conveyance to be made.

That owing to these conveyances, and the fact that the title or record to the property not being in Beman, the plaintiff fears that unless Ogden and Deming are parties, it may be conveyed to some innocent purchaser, and his lien endangered thereby. That Deming purchased with notice of the plaintiff's lien and claim, and Ogden is chargeable with like notice. Then, after stating that no personal claim is made against Burton, Ogden, or Deming, judgment is demanded against Johnson for $450 and interest. Also that the plaintiff may be declared to have a valid lien on the title and interest which Burton and Beman had in the premises on September 25th, 1857, when the notice of lien was filed; and that the same may be foreclosed and sold under decree of this Court, and the claims and rights of Deming and Ogden, under either Burton or Beman may be foreclosed as *against* the claim of the plaintiff; concluding with a desire for further relief as his case requires.

This, certainly, is a novel pleading; and taken in connection with the admission made by the plaintiff's counsel on the argument, that the conveyance to Leeds was made prior to the

Bailey v. Johnson.

filing of the notice of lien, that is, prior to September 28, 1857, renders it somewhat doubtful as to what particular class of actions such a pleading belongs. The defendants seem to have met it by denying nearly every word in it, instead of demurring to it. But at the trial, the objection was taken, that it did not state facts sufficient to constitute any cause of action.

In this view Judge DALY concurred, and he dismissed the complaint, declining to permit it to be amended, on the ground that it could not be done without changing the form of the action.

The plaintiff then asked that he be permitted to prove his claim against the contractor Johnson, with a view to taking judgment against him; but this also was refused. Exception having been taken to these rulings, the plaintiff asks for their review on this appeal. To determine as to their correctness, it will be necessary to see what facts are required to be alleged and proved in an action brought by a sub-contractor to enforce a lien claimed to have been acquired under the law of 1851, referred to in this complaint. The numerous decisions which this Court has made in respect to this law, show that to establish a lien under it, by a sub-contractor, there must appear, 1st. That labor or materials have been furnished in the erection of the building in conformity with the contract made by the original contractor with the owner. 2d. That within six months thereafter, a notice in writing, under the 6th section of the act, claiming a lien for the work or materials thus furnished, has been filed with the county clerk. 3d. That at the time of filing the notice of lien, or subsequently, a payment was due, or has since become due, from the owner to the contractor, upon the original contract. 4th. That the contracting owner had some interest in the property at the time the notice claiming the lien was filed. *Foley* v. *Alger*, 4 E. D. Smith, 719; *Cox* v. *Broderick*, Id. 721; *Dennistown* v. *McAlister*, Id. 729; *Ferguson* v. *Burk*, Id. 760; *Roberts* v. *Fowler*, 3 Id. 632; *Cunningham* v. *Jones*, Id. 650; *Conklin* v. *Wood*, Id. 662; *Jackson* v. *Sloan*, 2 Id. 616; *Carman* v. *McIncrow*, Id. 689; *Foster* v. *Poillon*, Id. 556; *Doughty* v. *Devlin*, 1 Id. 625; *Sullivan* v. *Brewster*, Id. 681. Judged by these views of the requirements of the law, and assuming, as I think I must, that this action is to be regarded, not as one of an equity character, but as a proceeding to enforce a mechanics' lien by a sub-con-

Bailey v. Johnson.

tractor, it will be perceived that this complaint did not show a cause of action entitling the plaintiff to any relief whatever. Not only was the necessary allegation in respect to a payment being due from the owner to the contractor at the time of filing the notice, or that any payment had since become due, entirely omitted, but in addition, it is conceded that before the notice of lien was filed, the contracting owners had parted with all their interest in the property, and it is not intimated that Ogden, the present owner, did become such, otherwise than in entire good faith. Under such a state of facts, it was impossible for the plaintiff to have acquired any lien upon the premises, and the complaint was therefore properly dismissed. *Cox* v. *Broderick*, 4 E. D. Smith, 721. Ogden could not, in the language of the complaint "be chargeable" with notice of the plaintiff's lien before any proceedings had been taken to acquire it; and as it is not pretended that he was other than a *bona-fide* purchaser of the property, I do not see how his interests could be affected by any knowledge he might be "chargeable" with, in respect to the plaintiff's "claims." *Sinclair* v. *Fitch*, 3 E. D. Smith, 677; *Crystal* v. *Flannelly*, 2 Id. 583. And as no lien could be established upon the statements in the complaint, and the conceded fact already referred to, the plaintiff was properly refused permission to correct his proceeding, which had originally been instituted under the law in question, into an ordinary action for the recovery of money against the contractor. *Quimby* v. *Sloan*, 2 E. D. Smith, 594. But in addition to this, the application for leave to amend was addressed to the favor of the Court, and its disposition is not the subject of review upon appeal. *Hatfield* v. *Secor*, 1 Hilton, 536.

Judgment should be affirmed.

DALY, F. J.—I concur.

BRADY, J.—The plaintiff's claim is based upon the fact that Beman and Burton were, at the time of the contract with Johnson, the owners of the lot mentioned in the complaint, and that they continued to be the owners in fact, down to the time of the commencement of this action, notwithstanding the conveyances to Deming, Leeds and Ogden; and this conclusion

Bailey v. Johnson.

seems to be predicated of the fact that Deming, Leeds and Ogden were not purchasers for a valuable consideration, and, with the exception of Ogden, were only the instruments of Beman and Burton employed to avoid the lien, having accepted their conveyances with full knowledge of all the facts and circumstances alleged, and being privy to the design of Beman and Burton, and that as to Ogden, his conveyance was given to secure a debt, but was received with notice or knowledge, or that from some facts and circumstances he was legally chargeable with like knowledge. As one of the questions in cases based upon the lien law must necessarily be whether the person charged as owner is in fact the owner, I think the defendant has a right to prove that fact, however numerous the record evidences are to the contrary; provided those evidences were created for the purpose of defrauding or defeating claims arising under that law. I think, however, that in this case the plaintiff has failed to make out a cause of action by his complaint, the averments of which do not present such a case as I have suggested. I think also, that when an appeal is taken from the refusal of a judge to permit an amendment of the pleadings, the contemplated amendment should be set out, to enable the reviewing tribunal to see clearly that no right has been violated. This the appellant has failed to do. The judgment for the reasons assigned by Judge HILTON must be affirmed.

Judgment affirmed.

———

In this case, after judgment of affirmance, the defendants sought to tax their costs separately. The clerk allowed them to do so, and the Court at special term having determined that he did right, the plaintiff appealed.

BY THE COURT.—HILTON, J.—This action was brought to foreclose a mechanics' lien against the defendant Johnson, as contractor, and the defendants Burton and Beman, as owners. Others were parties to the action also, but for the purpose of this appeal it is unnecessary to refer to them. Separate defences were interposed by the same attorney for the contractor

Bailey v. Johnson.

and owners. On the cause being called for trial, application was made for a dismissal of the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action. This view was concurred in by the Court, and the complaint was accordingly dismissed with costs.

The clerk allowed to these defendants separate bills of costs, and the Court at special term having determined that he did right, the plaintiff appeals.

On reflection I am satisfied that this allowance was erroneous, and ought not, under the peculiar circumstances of this case, to be sustained. The defendants having appeared by the same attorney, there was no necessity for their putting in separate defences, as the complaint was clearly insufficient to justify their belief that any recovery could be had upon the facts stated in it. Besides, they were not put to the trouble or expense of establishing their separate defences, and therefore cannot be said to have sustained that expense, for which costs are given as an indemnity. Code, Sec. 303.

The complaint having been dismissed without any trial of the issues raised by the answers, seems to me to sufficiently establish the fact, that the defences were of a nature that could have been joined, as the only question presented at the trial would have arisen upon a demurrer interposed in their joint behalf. *Hall v. Lindo*, 8 Abbott Pr. R. 341.

For these reasons, I think the order made by me at special term should be reversed, and the clerk directed to re-adjust the costs and allow but one bill to the defendants Burton, Beman, and Johnson.

Ordered accordingly. No costs of this appeal to either party.

DALY, F. J., and BRADY, J., concurred.