# N. Y. COMMON PLEAS.

### SAMUEL McELWEE agt. HENRY S. SANDFORD.

*Mechanic's lien — what notice must contain.*

In order to perfect a lien under the mechanic's lien law, the claim or notice filed with the county clerk must contain certain statements, the truth of which must be *positively* sworn to by a person acquainted with the fact. Among these statements is that relating to the ownership of the premises.

In an action to foreclose a mechanic's lien under the act, chapter 379, Laws of 1875, the claimant's notice stated that James Meehan was owner. In his complaint he averred that James Meehan was not the owner, but that Elizabeth Meehan was, and that her name was erroneously omitted by mistake, and the name of James Meehan was inserted because he was informed and believed that James Meehan was owner.

*Held*, that the notice of lien was defective and formed no basis for the action; James Meehan being the *reputed owner* merely, the notice of lien should have so stated.

*Special Term, May*, 1877.

DEMURRER to the complaint, in an action to foreclose a mechanic's lien under the act chapter 379, Laws of 1875.

J. F. DALY, *J.* — The complaint is defective, as it sets forth an insufficient notice of claim filed pursuant to section 5 of the act. The complaint avers that the owner of the premises is Elizabeth Meehan. The notice of claim sets forth that the "labor was performed and materials furnished for the said Henry S. Sanford, the contractor, at the instance of James Meehan, the owner," and also that the "buildings are owned by James Meehan." The verification of the notice of claim is that the claimant "has read the notice and knows the con-

tents thereof, and that the same is true to his own knowledge." The complaint avers that the name of James Meehan was inserted in the notice of lien, because plaintiff supposed him to be the owner; that he was not aware that Elizabeth Meehan was the owner; that he was informed and verily believed that one James Meehan was the owner, and supposed and understood that James Meehan was the owner; that the name of the real owner was erroneously omitted to be inserted by mistake of the fact. The statute requires that the name of "the owner or reputed owner, if known, shall be contained in the notice of claim." This notice professed to give the name of the owner, and the claimant professed to know it. His positive verification of the notice leaves no doubt that he intended James Meehan as owner, and not as reputed owner. Owing to the nature of the verification required by the statute, *i. e.*, ". that the statements contained in the claim are true to the knowledge of the person making the same" — the qualification in respect of the name of the owner — that is, that the person named is the "reputed owner," or, where the name of the owner is omitted, that the owner "is not known," must be specifically stated in the notice of claim; for, by requiring a positive verification of the truth of the matters set forth in the notice by a person having knowledge of the facts, the intention of the legislature that the notice should set forth the facts is evident. In order to perfect a lien under the act, the claim or notice filed with the county clerk must contain certain statements, the truth of which must be positively sworn to by a person acquainted with the fact. Among these statements is that relating to the ownership of the premises. If the person verifying the notice knows the name of the owner, that name must be inserted; if he only knows of a person reputed to be the owner, the name of such person, with the fact that he is so reputed to be the owner, must be inserted; if he does not know the name of the owner or of the reputed owner, he may so state. One of these three statements must be made

McElwee agt.' Sandford.

to comply with the act. In this case, the claimant's notice states that James Meehan is owner; in his complaint he now avers that James Meehan is not the owner; that Elizabeth Meehan is owner, and that her name was erroneously omitted by mistake, and the name of James Meehan was inserted because he was informed and believed that James Meehan was owner.

It therefore appears that James Meehan was the reputed owner merely, and that the notice of lien did not so state. It should have so stated and is defective, and forms no basis for the action" (*See Diossy* agt. *Martin, N. Y. Com. Pleas, May* 17, 1876, *Daily Register*).

Demurrer sustained, with leave to plaintiff to amend complaint in twenty days, on paying ten dollars costs awarded on this demurrer.