## N. Y. COMMON PLEAS.

George Leiegne agt. Joseph Schwarzler and Joseph Adams and others.

*Mechanics' lien — Complaint — Error in name of the owner in notice of claim can be corrected in complaint — What are necessary averments in complaint — When complaint may be amended.*

An error in the name of the owner in the notice of claim in a mechanic's lien proceeding can be corrected in the complaint by setting forth the mistake and averring the true owner.

The complaint must allege that there is something due by the owner to the contractor under the contract, when the action was brought to enforce the lien, but an amendment may be made in this respect.

*Equity Term, April,* 1884.

*George F. Langbein,* for plaintiff.

*Julius Lippman,* for defendants.

Leiegne agt. Schwarzler.

DALY, *C. J.*— The question in this case is whether an error in the name of the owner in the notice of claim can be corrected in the complaint by setting forth the mistake and averring the true owner. Formerly this could not be done, but now I think it can be.

We held, in *Beals* agt. *Congregational B'nai Jeshurun* (1 *E. D. Smith*, 654), that all the particulars which the claimant was required to specify in the notice creating the lien were material; that these particulars, in the language of my former colleague the late judge WOODRUFF, "were wisely provided for to enable the county clerk to make the proper docket to give early notice to owners that their property was sought to be charged, and to protect third persons (purchasers or mortgagees) by apprising them of the alleged claim, and that among these requisites of the notice no one was more important for these purposes than that the name of the owner should be stated." And in *Conklin* agt. *Wood* (3 *E. D. Smith*, 662) we held that the omission of any of the particulars required by the statute in the notice of the claim was fatal and could not be amended. In accordance with these early cases it was, therefore, repeatedly held afterwards in this court and in other states (*Hoffman* agt. *Walton*, 36 *Mo.*, 613; *Hicks* agt. *Murry* 43 *Cal.*, 515; *Philips on Mechanics' Liens, p.* 484, *sec.* 347) that the facts required in the notice must be averred in the complaint to show a cause of action, the action being founded upon the lien, and that if the notice was defective by the omission of the name of the owner, or of anything which the statute required, it was not amendable and that the action could not be maintained.

When these decisions, however, were rendered the lien laws then in force required the county clerk to docket all the particulars contained in the notice of the claim in a book to be kept in his office called the lien docket. The acts required this docket to be suitably ruled in columns, headed "claimants," "against whom claimed," "owners," "building," "amount claimed," "date of notices," "hour and minute" and "what

proceedings have been had," and that the names of owners and persons against whom the claim was made should be inserted in alphabetical order. As early as 1851 among the particulars required to be stated in the notice was "the name of the owner of the building" (*Laws* 1851, *chap.* 513, *sec.* 4). And this was required in all subsequent acts down to the enactment of the lien law of 1863, by which act this was dispensed with and other material changes were made. All that was required by this act of 1863, in the notices, was the name and residence of the claimant, the amount claimed, from whom and to whom due, and with a brief description of the premises by street number, diagram or boundary, or by reference to maps open to the public, "so as to furnish information to persons examining titles and the supposed owner." This act also declared (*sec.* 6) that no error in the owner's name should impair the validity of the lien, and no entry was required by it of the owner's name in the docket as in the previous acts. It simply provided that the docket should contain : 1st, the name and residence of the claimant ; 2d, the person against whom the claim was made ; 3d, the amount ; 4th, the date of filing ; 5th, and the street and particular place where the premises were located, in such manner as to be convenient in searching for the liens by street or block. The lien law was amended further in 1875 by an act still in force (*Laws* 1875, *chap.* 379), which act (*sec.* 8) required a statement in the notice of the name of the owner, or reputed owner, if known (*sec.* 7), but did not require any entry of the owner's, or reputed owner's, name in the lien docket, the provisions in this respect being substantially the same as under the preceding act of 1863.

Since 1863, therefore, the name of the owner had not been required in the lien docket, the entry of it being no longer deemed necessary to give notice to the owner or to protect third persons purchasing or mortgagees, and, in accordance with that and the subsequent act of 1875, the principal docket now, or first column, is a representation of the street and block

where the property is situated, and the street number, that being considered with the other particulars sufficient to give notice to all persons who can possibly be affected by the creation of the lien. The omission, therefore, now, of the owner's name in the docket, as also the provision of the act of 1863, that no error in the owner's name should impair the validity of the lien, shows very clearly that the intention was to relieve mechanics and material men from the obligation they were previously under, which it was sometimes difficult to comply with, of obtaining the name of the owner and inserting it in the notice, that it might be incorporated in and form part of the docket of the lien, before they could file the notice which created the lien. As the law now is, the mechanic or material man may insert the name of the owner, or, if he does not know who the owner or reputed owner is, he may state that fact, which dispenses with the name of any owner in the notice ; and as no entry of the owner's name in the docket is now required, I see no reason why the lienor should not be allowed to correct any mistake or error in the name of the owner in the notice by proper averments in the complaint, as no injury can arise to any one thereby (*Hubbell* agt. *Schreyer*, 15 *Abb.* [*N. S.*], 304, *per* ALLEN, *J. ; Young* agt. *Doying*, *N. Y. Com. Pl.*, *S. T.*, *April*, 1884 ; *Keenland on Mechanics' Liens*, 208, sec. 191; *Phillips on Mechanics' Liens*, 10).

In the case first cited of *Hubbell* agt. *Schreyer*, which was a review by the court of appeals of a judgment of this court, it was declared by ALLEN, J., who delivered the opinion of the court, that the lien law was a remedial statute, as furnishing a summary remedy for the recovery of the claims provided for ; and while it was to be strictly construed, so far as to require a substantial compliance with every material provision by which the property of a third person may be incumbered, and a cloud put upon the title, by the mere act of the claimant, it is not to be so strictly and hypercritically interpreted as to deprive creditors of the benefit intended to be conferred.

That it was to be construed in the same spirit with which it was enacted, and so as to carry out the benign intent of the legislature, by which nothing was to be taken by implication against the owner, or to the prejudice of his substantial rights, or so as to extend to persons or claims not clearly within its terms, and that the framers of the statute have, in a measure, indicated the spirit with which they would have the statute interpreted, and effect given to it.

In this case, although the contract for the work was made by the claimant jointly with two others, and he united in the notice that the claim was due to him as the sole creditor, it was held that this did not affect the validity of the lien, as neither the owner nor any one else could be misled thereby as to the particular claim intended to be inserted, and as to which a lien was sought to be created. If this was held in respect to the name of the claimant, which then and as the law now stands must be inserted in the notice of the claim and entered in the docket, what was said in respect to the liberal construction of the statute in connnection with and as explanatory of this decision, is especially applicable in support of the conclusion I have arrived at — that an error in the owner's name in the notice may be cured by proper averments in the complaint, where no injury to the owner can arise thereby.

In this case it appears by the complaint that Joseph Schwarzler represented and stated that he was the owner of the building to Joseph C. Adams, who did the carpenter work, and with whom the plaintiffs contracted for the work done by them ; that Adams repeated to the plaintiffs the statement that Joseph Schwarzler made to him, that he was the owner ; and they, believing this to be true, inserted his name in the notice and swore to the fact as of their own knowledge ; that after they had filed their notice they discovered that the representation of Schwarzler was untrue, and that his brother, August Schwarzler, was the owner. Joseph Schwarzler being the builder or contractor with his brother, and that therefore they had made him (August Schwarzler) a party defendant in

the action brought for the enforcement of the lien. I think they may now do this, as I have already said the statement of the ownership being no longer material to the extent that it was in the prior acts, when the name of the owner was not only inserted in the notice of the lien, but had to be incorporated with and formed a part of the lien docket, which is no longer necessary.

In respect to the case of *McElwee* agt. *Sanford* (53 *How.*, 89), which the defendant relies upon, it will be sufficient to say that the changes which I have pointed out as having been made in the lien law are not referred to in the opinion, and I suppose were not considered.

The remaining objection, however, is well taken. There is no allegation in the complaint that there was anything due by the owner to the contractor, Joseph Schwarzler, under the contract when the action was brought to enforce the lien.

It has been held that this is a necessary averment in the complaint (*Bailey* agt. *Johnson,* 1 *Duly,* 67, *and cases there cited*). In this respect, however, the complaint can be amended.