## LAWRENCE RYAN, APPELLANT, *v.* EDWARD M. KLOCK AND OTHERS, RESPONDENTS.

*Mechanics' lien laws — chap.* 366 *of* 1864 *is still in force in Syracuse — what notice of claim is sufficient under section 2 thereof.*

Chapter 366 of 1864, providing for mechanics' liens for persons erecting buildings in Onondaga county, was not repealed by chapter 486 of 1880, providing for mechanics' liens in cities, but is still in force in that county and is applicable to such liens upon buildings erected in the city of Syracuse.

(*McKenna* v. *Edmundstone,* 91 N. Y., 231, followed.)

The plaintiff having furnished in October and November, 1882, materials which were used in erecting a house in the city of Syracuse, filed on November twenty-second a notice, stating that he claimed a lien upon the premises and that sixty days had not elapsed since the said work was performed and the materials furnished. The notice contained the following words: "Dated November 22, 1882," and was signed.

*Held,* that the notice stated the date from which the lien was claimed to have commenced, with sufficient precision to satisfy the requirements of section 2 of chapter 366 of 1864, the act under which it was filed.

APPEAL from a judgment, entered in Onondaga county upon the decision of the County Court of that county, dismissing the plaintiff's complaint and notice with thirty-five dollars costs.

In the fall of 1882, Susan E. Colton let a contract to one Shoudy for the construction of a cellar and house on a lot belonging to her, in the city of Syracuse. Shoudy engaged Ryan, the claimant, to do work and labor, and furnish material in erecting the same, and such work was performed and material was furnished by him in October and November, 1882. Shoudy made a general assignment November 22, 1882, to Klock, who in the spring of 1883, completed the house and fulfilled the building contract. There remains due from the owner Colton $360.

November 23, 1882, the claimant filed with the clerk of Onondaga county two notices of lien, one under the " Onondaga act " and the other of them under the act of 1880, chapter 486, Laws of 1880, relating to liens in cities. The County Court found that the " Onondaga act," chapter 366, Laws of 1864, was still in force and applicable in the city, and that the act of 1880 was not applicable to the city of Syracuse. It also found " that the omission of the statement in the said notice of lien of the date from which he claims it (the lien) to have commenced, is the omission of matter or substance required by the statute, chapter 366, Laws of 1864, as demanded to be stated in such notice," and that the notice was therefore defective.

*M. E. Driscoll,* for the appellant.

*W. M. Ross,* for Klock, respondent.

*Knapp, Nottingham & Andrews,* for respondent Colton.

*Charles B. Goodrich,* for respondent Shoudy.

HARDIN, P. J.:

Assuming, under *McKenna* v. *Edmundstone* (91 N. Y., 231), that the Onondaga act, chapter 366 of Laws of 1864, is in force and applicable to this case in hand, we are called upon to ascertain whether the notice of lien filed was sufficient or not. It may be observed that the first section of the act provides that any person furnishing materials, etc., "shall, *until the end of three months after* the performance of such labor or furnishing materials, be deemed to have an equitable lien for the same upon such house or building or appurtenances and the land," etc. * * * These

words furnish a general declaration of the lien, subject, of course, to the requirements of the subsequent provision of the statute.

*First.* "As against the owner of the property himself, *no notice* shall be necessary to establish such lien."

*Second.* As against other persons *who have not any actual notice* of the lien, it is provided by the statute that " the only evidence which shall be necessary for a party to signify that he claims such lien, shall be the filing of a notice with the county clerk of the county of Onondaga, *at any time* while the business is progressing, *or within the said period of three months,* which shall state," etc.,     *   *   *   "the amount thereof, *and the date from which he claims* it to have commenced ; and as the work progresses the party may secure successive liens by giving notice as aforesaid."

It may be supposed that one of the objects of requiring the notice to specify the time when the claimant supposed the lien occurred, was to have a ready mode of ascertaining the rights of successive claimants. In the notice now before us we find it dated November 22, 1882, and in the body of the notice it is stated that "sixty days have not elapsed since the said work was performed and the material furnished." By inference it may be seen that the lien attached, or was claimed to attach, at the time of furnishing the materials or rendering the work. Indeed, such is the spirit of the act, as evidenced by the words in the first section, declaring that such persons as do work or furnish materials "shall be deemed to have a lien," etc. The notice stated, viz. : " I have and claim a lien upon said building and appurtenances, and the lot," etc., *   *   *   " for the amount due me as aforesaid, in pursuance of the statute in such case made and provided. Dated November 22, 1882," and was signed.

Considering the words of the statute giving the lien, and the words of the notice before us, we are of the opinion that the notice sufficiently stated the lien. The rendition of work and furnishing of materials was clearly declared to be not more than sixty days prior to 22d of November, 1882, and the assertion of the notice in effect is, that in consequence of such work and materials having been so performed and delivered, a lien is claimed. It is equivalent to an assertion that the lien is claimed to have commenced when the work was done and the materials were furnished. We

think the notice a substantial compliance with the statute, and that no objection thereto can successfully be urged by the owner, or by the party who became the general assignee of the contractor, and is in no better position than the contractor, who had, as the case discloses, " actual notice" of the claimant's lien, created by statute. The objection taken is too technical for the mouth of the owner, the contractor or his assignee. (Stat. of 1864, chap. 366, secs. 1, 2 ; *Leiegne* v. *Schwarzler*, 10 Daly, 547 ; *Hart* v. *Wheeler* 1 T. & C., 403 ; *Blauvelt* v. *Woodworth*, 31 N. Y., 285 ; *Tinker* v. *Geraghty*, 1 E. D. Smith, 687 ; *Darrow* v. *Morgan*, 65 N. Y., 333 ; *Dunbar* v. *Diem*, 9 Weekly Dig., 231.)

It is not needful to pass on the questions made as to the statute of limitations, as the facts may be changed upon a new trial, and it may be made to appear when the claim fell due, for which the lien was filed. (See sec. 4 of the act of 1864.)

We think the judgment of the County Court should be reversed, and a new trial ordered in the County Court of Onondaga county, with costs of this appeal to abide the final award of costs.

BOARDMAN, J., and FOLLETT, J., concurred.

Judgment of the County Court of Onondaga county reversed, and a new trial ordered. with costs to abide the final award of costs.