Arthur J. Robbins et al., Appellants, *v.* Simon Arendt et:
al., Respondents, Impleaded with John W. Hutton.

Mechanic's Lien — Sale of Premises not Accompanied by Deed —
Liability of Purchaser — Payment of Sub-contractor's Claim to
Contractor.  If the owner of land enters into a contract for the erec-
tion of a building thereon, and before the building is completed the prem-
ises are sold to a third party at a public foreclosure sale, but the giving of
a deed is postponed by agreement, and the former owner remains in pos-
session and causes the building to be completed, and in good faith pays
the contractor therefor, and the purchaser receives a deed and takes pos-
session of the premises, a sub-contractor, who has furnished material for
the building after the sale cannot maintain an action against such pur-
chaser of the premises to foreclose a mechanic's lien thereon where his
lien was not filed until after his claim had been paid to the contractor by
the former owner.

*Rollin* v. *Cross* (45 N. Y. 766), distinguished.
*Robbins* v. *Arendt* (4 Misc. Rep. 196), modified.

(Argued February 28, 1896; decided March 10, 1896.)

Appeal from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered upon an order made June 19, 1893, which reversed a
judgment of the General Term of the City Court of New
York affirming a judgment in favor of plaintiffs entered upon
a decision of the court on trial at an Equity Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edgar J. Phillips* for appellants.  In case of consent to
the furnishing of material for his property, unless the owner
has paid, his land is liable. (Laws of 1885, chap. 342,
§ 1; *Pell* v. *Baur*, 133 N. Y. 377; *Burkitt* v. *Harper*, 79
N. Y. 274; *Miller* v. *Mead*, 127 N. Y. 544; *Schmalz* v.
*Mead*, 125 N. Y. 188; *Husted* v. *Mathes*, 77 N. Y. 388;
*Otis* v. *Dodd*, 90 N. Y. 336; *Nellis* v. *Bellinger*, 6 Hun,
560; *Mosher* v. *Lewis*, 10 Misc. Rep. 373.)  Arendt was the
owner and his title relates back to a date as early as the date
of the deeds to him, viz., August 31, 1891, and his ownership

was of a kind sufficient when followed by the delivery to him of the deeds to make the property susceptible of a valid mechanic's lien being acquired by a claimant. (*Rollin* v. *Cross*, 45 N. Y. 766; *Burkitt* v. *Harper*, 79 N. Y. 273; *Code* Civ. Pro. § 1632; *Rector, etc.,* v. *Mack*, 93 N. Y. 488; *Wiltsie* on Mort. 696, § 577; *Schmalz* v. *Mead*, 125 N. Y. 188; *McLaren* v. *H. F. Ins. Co.*, 5 N. Y. 151; *Brown* v. *Frost*, 10 Paige, 243; *Miller* v. *Mead*, 127 N. Y. 544.)

*Geo. H. Yeaman* for respondents. Arendt was not the owner until he received the deed. (*Strong* v. *Dollner*, 2 Sandf. 444; Gerard on Tit. [3d ed.] 477; *Mitchell* v. *Bartlett*, 52 Barb. 319; *Blanco* v. *Foote*, 32 Barb. 535; *Cheney* v. *Woodruff*, 45 N. Y. 98.) There was no such consent as is contemplated by the Mechanics' Lien Law. (*Cheney* v. *T. H. Assn.*, 65 N. Y. 282; *Knapp* v. *Brown*, 45 N. Y. 207; *Muldoon* v. *Pitt*, 54 N. Y. 269; *Jones* v. *Manning*, 6 N. Y. Supp. 338; *Riggs* v. *Chapin*, 27 N. Y. S. R. 271; *Havens* v. *W. E. L. & P. Co.*, 20 N. Y. Supp. 764.) The rights of a sub-contractor are necessarily dependent upon the existence of a valid contract between the contractor and the owner. (*Cox* v. *Broderick*, 4 E. D. Smith, 721; *Thompson* v. *Yates*, 28 How. Pr. 142; *Crane* v. *Genin*, 60 N. Y. 127; *Cheney* v. *T. H. Assn.*, 65 N. Y. 282; *Heckmann* v. *Pinkney*, 81 N. Y. 211; *Herbert* v. *Herbert*, 57 How. Pr. 333; *Schneider* v. *Hobein*, 41 How. 232; *McMillan* v. *Seneca L. G. & W. Co.*, 5 Hun, 12; *Gibson* v. *Lenane*, 94 N. Y. 183; *Post* v. *Campbell*, 83 N. Y. 282.)

HAIGHT, J. This action was brought to foreclose a mechanic's lien. Prior to August, 1891, one Edward Smith was the owner of the premises at the northeast corner of Ninety-first street and Amsterdam avenue in the city of New York, and, as such, entered into a contract with one John W. Hutton to construct certain buildings thereon. On the 16th day of November, 1891, Hutton contracted with the plaintiffs to furnish and deliver certain hardware for the buildings at

the agreed price of $498.68, which hardware was subsequently furnished, a portion thereof prior to the 20th of November, 1891, and the remainder thereafter. On the 28th day of December, 1891, the plaintiffs caused to be filed in the office of the clerk the notice of the lien which is here sought to be foreclosed.

On the 31st day of August, 1891, the premises were sold under a decree entered upon the foreclosure of a mortgage and the same were bid in by the defendant Simon Arendt, but no deed thereof was delivered or possession surrendered to him until November 20th, 1891.

The trial court found as a fact that the plaintiff's claim, $498.68, had been paid by Smith to contractor Hutton.

This action was prosecuted upon the theory that the materials were furnished by the plaintiffs after the defendant Arendt had purchased the premises at the foreclosure sale; that they were used in the buildings and tended to improve the property ; that they were so furnished with his knowledge and implied consent, and that, consequently, he should pay therefor, relying upon *Rollin* v. *Cross* (45 N. Y. 766). The trial court so found, but we find obstacles in the way which prevent us from adopting this view of the case. It appears that after the foreclosure sale an arrangement was made between the defendant Arendt, the mortgagee and Smith, the owner, by which time was to be given to Smith to complete the buildings, effect a sale or a loan and redeem the premises. He did complete the buildings, but was unable to raise the money with which to redeem the premises, and consequently the deeds were delivered to Arendt at the date before mentioned.

The trial court, in speaking of the relation of the parties, says, with reference to the defendant Arendt, that he was the equitable owner, and, as such, permitted Smith to proceed with the work on the premises, and that " Smith must be held to be the agent of Arendt, and the materials furnished and the work done at Smith's request be regarded as done with the knowledge and consent of Arendt." It will be observed that the court treats Arendt as the equitable owner and Smith as

the agent. If their legal relation be that of principal and agent, the position of the trial judge cannot be tenable; for if Smith became the agent of Arendt, his payment of the plaintiffs' claim to the contractor inured to the benefit of his principal and discharged Arendt and his premises from all liability to the plaintiffs.

We think, however, that the question of principal and agent is unimportant. Smith remained in possession after the public sale, and caused the buildings to be completed. He paid Hutton therefor, as he was bound to do under his contract. Whether he completed the buildings under some undisclosed arrangement with Arendt, or upon his own account, hoping to find a purchaser or effect a loan with which to redeem the premises is not material, for if he in good faith paid the contractor before the lien was filed, this action cannot be maintained. (*French* v. *Bauer*, 134 N. Y. 548; *S. C.*, 20 L. R. A. 560, and note; *Lumbard* v. *Syracuse, Bing. & N. Y. R. R. Co.*, 55 N. Y. 491; *Crane* v. *Genin*, 60 N. Y. 127.)

Upon this question we fully agree with the views expressed by the learned General Term of the Court of Common Pleas. We, however, think in reversing the judgment that court should have ordered a new trial. It is contended on behalf of the appellants that the payment by Smith to Hutton was not in fact made. The finding of the trial court that it was made was upon the request of the defendants. The trial court does not appear to have regarded it as material. We think it but fair that the plaintiffs should have an opportunity to again be heard upon this question.

The judgment of the General Term of the Court of Common Pleas should be modified so as to grant a new trial, and, as so modified, affirmed, with costs to abide the event.

All concur.

Judgment accordingly.