## GOELET et al. v. LAWLOR et al.

(Supreme Court, Appellate Term, First Department. February 24, 1897.)

APPEAL—EXTENSION OF TIME TO FILE RETURN.

Counsel's engagements in other courts and inability to procure a stenographer to transcribe the testimony do not constitute "good cause" for the extension of the time to file the return (rule 3) on appeal to the appellate term of the supreme court by a tenant who has been dispossessed for using the premises for lewd purposes (Code Civ. Proc. § 2231, subd. 5), where the time allowed for filing the return is four weeks past, and the evidence supporting the decision below is convincing, and appellant urges only technical objections, which do not clearly appear to be error.

Appeal from Fourth district court.

Summary proceedings by Robert Goelet and others against Julia Lawlor and others. From a final order in favor of plaintiffs, defendants appeal. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

M. D. Steuer, for appellants.

De Witt, Lockwood & De Witt, for respondents.

PER CURIAM. Proceedings were commenced December 16, 1896, in the Fourth judicial district court, for the recovery of the possession of the premises No. 93 Bowery, on the grounds specified in subdivision 5 of section 2231 of the Code of Civil Procedure, to wit, that "the demised premises  *  *  * are used or occupied as a bawdy house or house of assignation for lewd purposes." The proceeding resulted in a final order in favor of the landlords December 28, 1896, and a warrant was thereupon issued, and has since been executed. An appeal was taken December 29, 1896, by the service on the clerk of the district court of a notice of appeal; but no return has as yet been filed, although the statutory period has long since passed; and the landlords move to dismiss the appeal on account of such default. Rule 3, regulating appeals to the appellate term, provides that:

"In appeals from the district courts, if the appellant does not procure the return to be made to the court within the time prescribed in section 3053 of the Code of Civil Procedure [that is, after 10 and within 30 days from the service of the notice of appeal] the respondent may move, on five days' notice, to dismiss the appeal, and such appeal will be dismissed unless such appellate term, for good cause shown, extends the time in which the return may be filed."

The thirty days expired January 28, 1897,—nearly four weeks ago; yet the appellants have made no serious effort to procure the filing of the return. The only excuse offered is different engagements in various courts and places, and the want of a male stenographer to transcribe the notes. The appellants' counsel concedes that the evidence adduced upon the trial establishes the grave charge made under the statute as ground of the proceedings, and an examination of the stenographer's minutes removes any doubt that might exist on the subject. The appellant says he hopes to obtain a reversal of the final order on the charge of the trial justice. This has not been submitted to us. The proofs, however, are so convincing that it is apparent that no slight technical error would justify this court in reversing the final order. At all events, error has not been sufficiently established to warrant us in holding that good cause has been shown for denying the present application, and extending the appellant's time, that he may state at length the technical grounds upon which he seeks to be restored to the possession of premises found by the jury to have been used by him "for lewd purposes." The respondents' practice is regular, and the appellant is not entitled to an extension as of right, and the application he makes is not one which, under the circumstances, addresses itself to the favor of the court.

The motion must be granted, with $10 costs.