mind that this contract to be performed is an executory contract. An entirely different question would be presented if the contract had been performed by the plaintiff, so that the defendant had actually received the consideration for which it was to do the act which the plaintiff seeks to compel it to do by this decree; but from the examination that I have been able to give of the authorities, in an endeavor to formulate a rule which can be fairly deduced from them, it seems to me that an executory contract, the execution of which involves the performance of a continuous series of acts, demanding the exercise of individual skill, discretion, taste, or talent on the part of one of the parties, which are, of necessity, incapable of judicial supervision or control, will not be specifically performed in equity, and that where such a contract is made, thus incapable of being specifically performed by a judgment in equity, a negative clause in the contract, which is purely an incident to the contract itself, and which from its terms purports to bind the party making it only during the time that the contract is being actually executed, will not be specifically enforced in equity. For these reasons I think the judgment appealed from was right, and should be affirmed.

---

## BALL & WOOD CO. v. CLARK & SONS CO.

(Supreme Court, Appellate Division, Fourth Department. June 18, 1898.)

MECHANICS' LIENS—RIGHT TO LIEN—PLEADING.

A subcontractor seeking enforcement of a mechanic's lien must plead and prove an unpaid balance on the principal contract when the lien was filed, under Laws 1885, c. 342, § 1 (repealed and substantially re-enacted as 1 Laws 1897, c. 418, § 4), providing that the owner shall not be liable to pay, by reason of all liens filed pursuant to the act, a greater sum than the price agreed in such principal contract and remaining unpaid at the filing of the liens.

Appeal from special term, Erie county.

Action by Ball & Wood Company against Jonathan Clark & Sons Company and others. From an order overruling a demurrer to the complaint, the defendant company appealed. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Martin Carey and Chas. B. Sears, for appellant.
Adelbert Moot, for respondent.

HARDIN, P. J.     Plaintiff is a foreign corporation organized under the laws of the state of New Jersey. The defendant Ellicott Square Company of Buffalo is a domestic corporation. Jonathan Clark & Sons Company is a foreign corporation, organized under the laws of the state of Illinois. On the 15th of October, 1895, Louis K. Comstock Company, a subcontractor with the defendant Jonathan Clark & Sons Company, which latter was a contractor with the defendant Ellicott Square Company, entered into a contract with the plaintiff whereby the plaintiff agreed to furnish four Tandem Compound Ball

& Wood Automatic Cut-Off Steam Engines; and the defendant Louis K. Comstock Company, in consideration of such services and furnishing of such material, agreed to pay the sum of $7,200. The steam engines were furnished, and placed in the Ellicott Square Building upon the land particularly described in the complaint. The plaintiff alleges that it performed its contract with the Comstock Company, and carried out the provisions of the contract as it agreed to do, and that the agreement was made with the consent of the defendant Ellicott Square Company, the owner of the building; and it is alleged the plaintiff is entitled to full payment of the whole price agreed to be paid to the plaintiff, and that there is now due to it from the Comstock Company $5,767, with interest, for the materials furnished and the work performed as alleged. On the 4th of September, 1896, —within 90 days after final performance of the work and furnishing of the materials,—plaintiff filed a notice of a lien in the clerk's office of Erie county, and it was duly entered and docketed on the 4th of September, 1896, in said clerk's office; and a copy of the notice is attached to the complaint. It is alleged that there was $5,767.82 due to plaintiff at the time the notice was filed, and that the sum is still due, and that the notice was served upon the owner, Ellicott Square Company, which was the owner of the fee of the premises at the time of the service of such notice. The plaintiff claims that the defendants and all persons claiming under them be barred and foreclosed of all right and equity of redemption in the premises, and that the defendant the Ellicott Square Company's interest in the premises, or so much thereof as may be sufficient to raise the amount due, with costs, may be sold, and that out of the moneys arising upon the sale the amount due on the lien of the plaintiff be paid, and on the lien of the defendants by whom notice of lien has been filed, so far as they shall be established. The defendant Jonathan Clark & Sons Company interposed a demurrer to the complaint upon the ground "that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action." The complaint does not allege that any sum whatever is due from the Ellicott Square Company to Jonathan Clark & Sons Company and from Jonathan Clark & Sons Company to the Louis K. Comstock Company. The plaintiff's contract, as alleged in the complaint, is with the Comstock Company alone. No claim is made, however, that the complaint does not state a cause of action against the Comstock Company in favor of the plaintiff; that being the company with which the plaintiff contracted. The complaint was prepared under Act 1885, c. 342, relating to liens of mechanics and laborers, and the several amendments thereof (see 3 Rev. St. [Banks & Bros.' 9th Ed.] p. 2635). It is provided in the first section of that act, viz.:

"But in no case shall such owner be liable to pay by reason of all the liens filed pursuant to this act, a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of filing such lien, or, in case there is no contract, then the amount of the value of such labor and material then remaining unpaid except as hereinafter provided."

Chapter 418 of the Laws of 1897, which took effect September 1, 1897, repealed the mechanic's lien law of 1885, and several amend-

ments that had been made thereto.   In the fourth section of the act of 1897 a provision was inserted that, viz.:

"In no case shall the owner be liable to pay by reason of all liens created pursuant to this article a sum greater than the value or agreed price of· the labor and materials remaining unpaid at the time of filing notice of such liens." 1 Laws 1897, p. 516.

In the twenty-third section of the act of 1897 it is provided as follows:   "The Code of Civil Procedure regulates and provides for such enforcement." Lazarus v. Railway Co., 145 N. Y. 581, 40 N. E. 240. To enable the plaintiff to recover and succeed in its enforcement of a lien it would be bound to prove, as it is a subcontractor, that something is due from the owner to the contractor.

In Beardsley v. Cook, 143 N. Y. 150, 38 N. E. 111, in the course of the opinion, it was said:

"The plaintiff was bound to show that an amount or portion of the contract price which the defendant had stipulated to pay for the erection of the houses equal to his claim or to the recovery, still remained in his hands over and above what he had expended to complete them, and which was applicable to the payment of the order."

In Kelly v. Bloomingdale, 139 N. Y. 347, 34 N. E. 920, it is said, in the course of the opinion, that:

"At the time the notice was filed there was nothing due to the contractor upon the contract, and nothing became due or payable to him subsequently; no lien was acquired."

The same doctrine was asserted in Lemieux v. English, 19 Misc. Rep. 546, 43 N. Y. Supp. 1066, and several cases cited in support of the proposition.

In Lent v. Railway Co., 130 N. Y. 504, 29 N. E. 988, it was held, viz.:

"Facts material to a plaintiff's cause of action, and essential to be proved to entitle him to a judgment, must be pleaded.   No presumption can be indulged in that a defendant has failed in his duty, or omitted to perform his contract obligation.   In an action upon an alleged indebtedness an allegation in the complaint of nonpayment is essential."

The same rule is adverted to and commended in Cochran v. Reich, 91 Hun, 441, 36 N. Y. Supp. 233.

It has been repeatedly held that, if the plaintiff fails to show that a sum is due at the time of filing a notice, he cannot recover, and his complaint should be dismissed.   Bailey v. Johnson, 1 Daly, 67; Leiegne v. Schwarzler, 10 Daly, 547; Cox v. Broderick, 4 E. D. Smith, 721; Robbins v. Arendt, 148 N. Y. 676, 43 N. E. 165.

Doubtless the court has power to allow an amendment of the complaint.   The learned counsel for the respondent calls our attention to Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, in which it is said that the rules of pleading in equity are broader and more elastic, as a general rule, than in actions at law.   We find nothing in that case which enables us to sustain the complaint in the case in hand.

In Bailey v. Johnson, supra, it was said:

"Assuming * * * that this action is to be regarded, not as one of an equity character, but as a proceeding to enforce a mechanic's lien by a subcontractor, it will be perceived that this complaint did not show a cause of action entitling the plaintiff to any relief whatever.   Not only was the necessary allegation in respect to a payment being due from the owner to the con-

tractor at the time of filing the notice, or that any payment had since become due, entirely omitted, but, in addition, it is conceded that before the notice of lien was filed the contracting owners had parted with all their interest in the property. * * * Under such a state of facts, it was impossible' for the plaintiff to have acquired any lien upon the premises, and the complaint was therefore properly dismissed."

The foregoing views lead to the conclusion that the demurrer was improperly overruled at special term.

Interlocutory judgment reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of the costs of the demurrer and of this appeal. All concur.