VILLAUME v. KIRCHNER et al.

(Supreme Court, Appellate Term. November 30, 1903.)

1. MECHANICS' LIENS—NOTICE—SUFFICIENCY.
    A notice of a mechanic's lien, which states that the amount claimed is for the "agreed price or value," is insufficient because of the alternative statement.

2. SAME—DEFECTIVE STATEMENT OF LIEN—PERSONAL JUDGMENT.
    Under direct provisions of Code, § 3412, relative to mechanics' liens, if a lienor fail to establish a valid lien because of a defective notice, he may recover judgment for such sums as are due him against any party to the action.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Henry Villaume against Albin Kirchner and another. From a judgment establishing and enforcing a mechanic's lien, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Daniel S. Decker, for appellants.
J. Wilson Bryant, for respondent.

BISCHOFF, J. Notwithstanding the omission to serve the defendant Charlotte Kirchner with process, both defendants were properly before the court, as appears from the return and from the minutes of the trial; the correctness of the latter being supported by the stipulation of the parties. There was ample evidence to charge both defendants upon the contract for services, and the justice in the judgment rendered has appropriately fixed their personal liability (Code, §§ 3404, 3408), while also establishing the lien. The notice of lien, however, was defective, because of the alternative statement of the "agreed price or value" of the labor performed. Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531. But, while the defect defeats the lien, a personal judgment (Code, § 3412) is properly to be rendered in such a case, and a dismissal of the action is not to be the result. 175 N. Y. 492; 67 N. E. 1080.

The judgment appealed from will be modified so far as to direct personal judgment against the defendants, and, as so modified, affirmed, with costs. All concur.