### SIEGEL v. EHRSHOWSKY.

(Supreme Court, Appellate Term.   March 21, 1905.)

1. MECHANIC'S LIEN—AMOUNT DUE—DISJUNCTIVE STATEMENT.

Where a mechanic's lien stated that "the agreed price or value" of plaintiff's work was $250, the lien was fatally defective, the disjunctive statement excluding both of the matters sought to be affirmed.

2. SAME—JUDGMENT AGAINST OWNER—PRIVITY OF CONTRACT.

Where, in a suit to foreclose a mechanic's lien, it was neither alleged nor claimed that a contractual relation existed between the owner and the lienor, a personal judgment could not be awarded against such owner on the lien being held invalid.

**3. SAME—COMPLAINT—AMOUNT DUE.**

In an action to foreclose a mechanic's lien, the complaint, failing to state that any sum was actually due to the original contractor, was fatally defective.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Max Siegel against Samuel Ehrshowsky. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

House, Grossman & Vorhaus, for appellant.

I. Cohn, for respondent.

O'GORMAN, J. The plaintiff, a subcontractor, brings suit to foreclose a mechanic's lien. The performance of plaintiff's work was not seriously disputed, and the conclusion of the trial justice that there was an amount due from the defendant to the principal contractor sufficient to cover plaintiff's claim is amply supported by the evidence. The judgment however, must be reversed for a defect in the notice of lien and for failure of necessary averments in the complaint. The mechanic's lien stated that "the agreed price or value thereof is two hundred and fifty dollars." It has been frequently held that a statement in the disjunctive excludes both of the matters thereby sought to be affirmed, and is not in compliance with the law. In Villaume v. Kirchner (Sup.) 85 N. Y. Supp. 377, this court held a lien defective because of the alternative statement of "the agreed price or value." The validity of this lien cannot, therefore, be upheld, and a personal judgment cannot be awarded against the owner, as it is not alleged or claimed that a contractual relation existed between him and the lienor. The omission to state in the complaint that any sum was actually due to the original contractor was fatal, apart from the defect in the lien, and no attempt was made upon the trial to amend. Ball v. Clark, 31 App. Div. 356, 52 N. Y. Supp. 443.

Judgment reversed, and new trial ordered, with costs to defendant to abide event. All concur.