(54 Misc. 245)

### GRIBBEN v. HOARE et al.

#### (Supreme Court, Appellate Term. May 16, 1907.)

MECHANICS' LIENS—ENFORCEMENT—COMPLAINT—SUFFICIENCY.

　　1 Laws 1897, p. 516, c. 418, § 4, relating to liens for labor performed, provides that in no case shall the owner be liable to pay, by reason of all liens created pursuant to this article, a sum greater than the value or agreed price of the labor and materials remaining unpaid at the time of filing notice of such liens. *Held*, that a complaint in an action to foreclose a mechanic's lien, containing no allegation that any sum was due or remained unpaid from the owner to the contractor or from the contractor to the subcontractor, was bad on demurrer.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 494–513.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William Gribben against Dennis E. Hoare and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

W. R. Spooner, for appellant.
Samuel Cohen, for respondents.

SEABURY, J. This is an appeal from a judgment sustaining a demurrer to a complaint. The action was brought to foreclose a mechanic's lien, and the demurrer is upon the ground that it fails to state facts sufficient to constitute a cause of action. The lien was filed by the plaintiff as a laborer against the defendant Hoare as subcontractor, the defendant Zimmerman as contractor, and the defendant Gilder as owner of the premises, for the improvement of which the labor of the plaintiff was performed. All of the defendants, except Hoare, demurred to the complaint, and are respondents upon this appeal.

Section 4 of the lien law provides that:

　"In no case shall the owner be liable to pay, by reason of all liens created pursuant to this article, a sum greater than the value or agreed price of the labor and materials remaining unpaid at the time of filing notices of such liens." 1 Laws 1897, p. 516, c. 418.

The absence of any allegation in the complaint that any sum was due or remained unpaid from the owner to the contractor, or from the contractor to the subcontractor, is fatal to the sufficiency of the complaint. Ball & Wood Co. v. Clark & Sons Co., 31 App. Div. 356, 52

N. Y. Supp. 443; Siegel v. Ehrshowsky, 46 Misc. Rep. 605, 92 N. Y. Supp. 733. The demurrer to the complaint was properly sustained.

Judgment affirmed, with costs. All concur.