ALEXANDER v. COSTELLO.

(Supreme Court, Appellate Term. June 5, 1908.)

1. MECHANICS' LIENS—NOTICE OF—SUFFICIENCY.
    A notice of mechanic's lien, reciting that the "agreed price or value" of the labor performed and materials furnished was $1,175, is insufficient, because in the disjunctive.

2. SAME—RELATION BETWEEN OWNER AND LIENOR—CONTRACT BETWEEN—NECESSITY.
    In an action to foreclose a mechanic's lien, personal judgment could not be obtained against the owner, where no contractual relation between her and the lienor was shown.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 634.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Harry Alexander against Mary A. Costello to foreclose a mechanic's lien. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Lawrence E. Brown, for appellant.
Leidy & Goodstein, for respondent.

PER CURIAM. The action was brought to foreclose a mechanic's lien. The notice of lien recites that the "agreed price or value" of the labor performed and materials furnished is $1,175. The validity of the lien cannot be upheld, since this statement in the disjunctive is not in compliance with the law. Siegel v. Ehrshowsky, 46 Misc. Rep. 605, 92 N. Y. Supp. 733.

Further the complaint alleges that the labor was performed and materials furnished at the request of the defendant. The proof fails to support this allegation, but shows that the contract was made with one Thomas Costello, the defendant's husband, as contractor. The notice of lien states that the name of the person with whom plaintiff's contract was made was Thomas F. Costello. The contractor is not joined as a party, and the complaint contains no allegation that any sum was actually due to the contractor. There is no contractual relation established between the owner and the lienor to support a personal judgment, and, as has been shown, the lien is fatally defective.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

PEOPLE v. TERWILLIGER.