## Case No. 14,081.

TOMBECKBEE BANK v. DUMELL et al.

[5 Mason, 56.] [1]

Circuit Court, D. Rhode Island. June Term, 1828.

PARTNERSHIP—DISSOLUTION—SUBSEQUENT ACCEPTANCE OF BILL.

A bill drawn upon a partnership, but not accepted until after a dissolution of the partnership publicly announced, binds only the partner, who accepts it, and not the other partners, who have not consented thereto.

[Cited in Smith v. Milton, 133 Mass. 371. Cited in brief in Southwick v. Allen, 11 Vt. 77.]

Assumpsit on a bill of exchange drawn on 17th of March, 1827, in Alabama, by Stone, Ellis & Co., at sixty days' sight, on the defendants, for $3,000, payable to Moses Sewall or order, and by him indorsed to the plaintiffs. The declaration averred a presentment for acceptance, and an acceptance and subsequent non-payment. There were other counts on other similar bills. Plea, the general issue. At the trial, the sole defence relied on was, that the acceptance was made by Jacob Dumell after the dissolution of the partnership between him and his co-defendant, John Lyman. It appeared in evidence, that the firm was dissolved on the 1st of January, 1827; but it was not advertised in the newspapers until the 5th of April, 1827, when it was published at Providence, where the firm carried on business. The acceptances of all the bills were after the dissolution was so advertised.

William A. Burgess, for plaintiff.

Richard N. Greene, for defendant Lyman.

Thomas Burgess, for defendant Dumell.

STORY, Circuit Justice. Upon this statement of facts, which is not controverted, I am of opinion, that the plaintiffs are not entitled to recover. No partner has any authority after a dissolution of the partnership, to bind his copartners by any new contract. The acceptance of these bills is altogether a new contract. It is true, that if the partnership is still ostensibly carried on in the name of the firm, and no public notice is given of the dissolution of the partnership, though it is secretly dissolved, third persons, dealing with the firm upon the faith of the partnership and joint responsibility, are entitled to hold all the partners. But it is otherwise, where the dissolution is made public. Here, before the acceptance, the dissolution was publickly announced. The partners had not held out to the payee, or the present holders, that they would accept the bill. Every non-accepted bill is necessarily taken upon the faith and credit of the drawer; and no person can bind the drawee by his acceptance, except a person having an express or implied authority for that purpose. After the dissolution of the partnership, and a pub-

lic notice of it, there was a withdrawal of all such authority; and consequently the acceptance, as to John Lyman, is void. Upon principle then, the action, being joint upon a joint acceptance, fails as to both.

Mem. By consent of the parties, the plaintiff discontinued as to Lyman, amended his declaration, and took a judgment against Dumell alone.

## Case No. 14,082.

TOMBECKBEE BANK OF MOBILE v. ——

[1 U. S. Law Int. 244.]

Circuit Court, D. New York. Aug., 1829.

DAMAGES ON BILLS OF EXCHANGE.

At law.

Daniel Lord, Jr., for plaintiffs.

G. Sullivan and G. Winter, for defendants.

Before EDWARDS, District Judge.

The Tombeckbee Bank of Mobile held the drafts on a house in that city, duly accepted, but protested for non-payment, and settled with an endorser, receiving the principal and interest only, and reserving one of the bills as the ground of an action on which to recover the damages on all the bills,—amount of damages at ten per cent., $2,500. This action was brought to recover these damages. The declaration was in usual form on a bill of exchange against drawers. In defence, the counsel for the defendants insisted that by receiving payment of the principal and interest of the bills, the holders had lost all right to the damages, and relied on the case of Johnson v. Brannan, 5 Johns. 268, where an indorsee was denied the right of recovering the interest on a note, of which the principal had been paid, and the court held interest could not be recovered separately after payment of principal.

EDWARDS, District Judge, in charging the jury, instructed them that the plaintiffs, by receiving the principal and interest of the bills of exchange, had, in effect, released all rights to damages; and damages could not be recovered on a bill after the principal and interest had been received by the holder. The jury returned a verdict into court, but, the plaintiffs' counsel claiming to be called, and not answering to the call, the verdict, which was for the defendants, was not recorded, and the plaintiffs became nonsuited.