## N. Y. COMMON PLEAS.

FERDINAND SCHACTTLER, appellant agt. THOMAS GARDINER, respondent.

The effect of the *ceasing of the lien* for want of an order renewing it, under § 10 of the *Mechanic's lien law*, (*Ch.*, 500, *Laws*, 1863,) is to destroy all recourse of the lienor to the particular property described in the lien. The proceeding to fore-close, so far as the owner of the property is concerned (if he be not personally liable to the lienor for the debt) it is at an end, and the proceeding should be dis-missed as to him.

But as between the lienor and the contractor, who, is personally liable to him, the ceasing of the lien does not affect the proceedings, if the issue joined and the judg-ment claimed by the lienor, depend, not upon the lien, but the merits of the claim upon which it was founded, if the court have jurisdiction of the pro-ceeding.

Where the court acquires, under the act, full jurisdiction of the parties and of the controversy between them, before the lien ceases, the judgment rendered *is regular*.

And where such judgment is against the lienor, it would not be fair to permit him on motion, to avoid the effect of it on the merits, after a full and protracted trial, in a tribunal of his own choosing.

It would seem to be proper to dismiss the proceedings as to the *owner*, after the lien has been removed by the deposit of the amount of the lien with the county clerk, by the contractor under the act; the lienor then having no rights against the owner but is left to the funds in the clerk's hands for the satisfaction of his lien.

Rule 32 (old) does not apply to a *reference* "of the issues" in a lien proceeding, and the *exceptions* are not to be heard first at special term.

*General Term, March,* 1871.
*Before* LARREMORE, *and* DALY, *JJ.*

APPEAL from an order of this court made at special term denying plaintiff's motion to vacate or modify a judgment on the merits, entered in favor of the defendant.

This was a proceeding under the judgment lien law of 1863, relating to the city of New York. The lien was filed May 6, 1868, by the plaintiff, a sub-contractor against the contractor and Wm. H. Vanderbilt the owner, for work and materials furnished in the erection of No. 459 Fifth Avenue.

The Claim was for $4,068 67, and interest from April 20, 1868. The lien notice was filed in time.

The proceeding was commenced by the lienor serving the notice to foreclose, required by section 5 of the act, upon the contractor, and the owner on May 29, 1868. The notice was returnable June 15, 1868.

On the return day the lienor, the contractor and the owner all appeared by attorney in this court, in response to the notice, and an order was made according to the practice of this court, requiring the issues between the parties to be joined by the plaintiff, (lienor) serving his complaint and bill of particulars within twenty days on the attorneys of the defendants (contractor and owner,) and by the defendants serving their answers thereto in twenty days thereafter.

The plaintiff served his complaint alleging that Vanderbilt was the owner of the premises, and had made a contract with Gardiner for the carpenter work and materials in the building; that by agreement between Gardiner and the plaintiff, the latter performed work and labor, and services, and furnished materials, in conformity with the said contract, in the erection of the building, for said Gardiner, for which Gardiner remained indebted to plaintiff in the sum of $4,008 67, and that there was then due from the owner to the contractor more than sufficient to pay said sum. The defendant demanded judgment: I. Directing a sale of the owner's interest, &c.; and, II. Personal judgment against Gardiner, the contractor.

The defendant, Gardiner answered, denying, among other things, that he was indebted in any sum to the plaintiff; averred payment in full; and setting forth that he had deposited with the county clerk under section 8 of the lien act of 1863, the full amount of the lien, and costs, and had it removed. The owner did not answer, and on November 27, 1868, the proceeding was dismissed as to him on account of the deposit made as aforesaid.

On November 27, 1868, the issues between the plaintiff and Gardiner, the then sole defendant were referred by consent to P. T. RUGGLES, Esq., to hear and determine the same.

The lien expired May 6, 1869, (being one year after its filing) and was not renewed as provided by the section of the act. The proceeding, nevertheless, was continued, and on May 30, 1870, the referee reported in favor of defendant, finding that the plaintiff had been paid in full by the defendant, Gardiner, and that the defendant was entitled to judgment dismissing the complaint, with costs.

The plaintiff excepted to the referee's findings; the report was confirmed by this court, June 28, 1870, and judgment° for costs entered in favor of defendant.

On October 1, 1870, plaintiff moved to vacate the judgment, or to modify the same so as to make it simply a judgment dismissing the lien with costs. and not a judgment against him on the merits of his claim, on which the lien was filed. His grounds were: I. That all proceedings were void after the lien ceased on May 6, 1869. II. That all proceedings were irregular after the unauthorized dismissal of the proceedings as to the owner, Vanderbilt, on Nov. 27, 1868. III. That the judgment was irregularly entered before argument of the exceptions to the referee's report. The motion was denied, whereupon this appeal was taken.

THEO. F. SANXAY, *for appellant.*
ALFRED ROE, *for respondent.*

*By the court,* JOSEPH F. DALY, *J.*—The effect of the ceasing of the lien for want of an order renewing it, under sec. 10 of the Mechanic's Lien Law, chap. 500, Laws of 1863, is to destroy all recourse of the lienor to the particular property described in the lien. This has been settled in this court. The proceeding, so far as the owner of the property is concerned (if he be not personally liable to the

lienor for the debt), is at an end and the proceeding should be dismissed as to him.

But as between the lienor and the contractor, personally liable to him, the ceasing of the lien does not affect the proceedings, if the issue joined and the judgment claimed by the lienor, depend, not upon the lien but the merits of the claim upon which it was founded, if the court have jurisdiction of the proceeding.

The plaintiff cited the defendant to appear in this court by personal service of the notice required by the lien law. Pursuant to such notice the defendant appeared. Pleadings were served, joining issue upon the merits of the claim. That issue was indispensable in the proceedings to enforce the lien against the building, even if it were not made indispensable by the plaintiff's demand for personal judgment against the contractor. By the service of such notice, by the appearance of the parties in court, submitting to its order, and pleading, all which took place before the lien ceased by the expiration of the year, and all which proceedings were had under express authority of the lien law (§§    ), the court acquired full jurisdiction of the controversy between the parties. Jurisdiction having been acquired, the judgment rendered was regular. This view has been held in the court of appeals (*Maltby* agt. *Green*, 1 *Keyes*, 548), a proceeding under the Erie county mechanic's lien act *(chap.* 305, *Laws of* 1844); and a decision arriving at the same result has been made in this court at special term *(Barton* agt. *Herman*, 8 *Abb.*, *N. S.*, 399). This view is perfectly consonant with justice. It would not be fair to permit the plaintiff to avoid the effect of a judgment against him upon the merits, after a full and protracted trial of issues raised by him, necessary to his demand, in a proceeding of his own commencing, and in a tribunal of his own choosing.

As to the second point, it would seem to be proper to dismiss the proceedings as to the owner after the lien had

Schacttler agt. Gardiner.

been removed by the deposit of the amount with the county clerk by the contractor under the act. The owner had no possible interest after that in the proceedings, and the lienor had no rights against the owner, but was left to the funds in the clerk's hands for the satisfaction of his lien.

Upon the third point: my view is that Rule 32 (now Rule  ) does not apply to a reference "of the issues" in a lien proceeding and that the exceptions are not to be heard first at special term.

The order of special term appealed from should be affirmed.