OTIS H. SMITH & another *vs.* GEORGE B. MILTON & others.

Middlesex. March 10, 1881; March 10. — Sept. 22, 1882. ENDICOTT & DEVENS, JJ., absent.

A declaration, containing several counts, alleged that W. had a contract with a building committee to build a schoolhouse, and applied to the plaintiff to furnish lumber and materials to be used for the schoolhouse in performance of the contract; that the plaintiff refused to furnish and sell the lumber or materials on the credit of W.; that the defendants, who constituted the building committee, in consideration " that the plaintiff would so furnish and sell to W. the said lumber and materials," promised to accept and honor such orders as W. should draw, and to pay them out of the moneys which should become due to W. under the contract; that the plaintiff sold and delivered said lumber and materials to W.; that certain orders were made and presented, containing a specification that they were to be paid respectively " out of the third and fourth payments; " that these orders were such as the defendants had promised and agreed to accept; that afterwards the third and fourth payments mentioned in the orders were due and payable to W.; and that the defendants refused to pay the orders. *Held,* on demurrer, that it was not necessary to allege that the lumber and materials were used in the schoolhouse; that the declaration did not show that the orders presented were such as the defendants promised to accept; and that the averment that the third and fourth payments were due and payable was sufficient to show a breach of the promise to pay the orders, without alleging that the payments were ordered by the architect, as required by the contract of building.

An order drawn upon a committee composed of several persons may be accepted by such persons individually.

An acknowledgment by the drawee of the receipt of an order does not constitute an acceptance of and promise to pay the order.

An objection to a declaration, not specified in a demurrer thereto, is not open at the hearing in this court on appeal.

CONTRACT. The declaration contained seven counts, to which the defendants demurred. The Superior Court sustained the demurrer, and ordered judgment for the defendants; and the plaintiffs appealed to this court. The allegations of the declaration and grounds of demurrer, so far as material to the points decided, appear in the opinion.

The case was argued at the bar in March 1881, by *C. T. Russell & W. A. Whiting*, for the plaintiffs, and by *T. P. Proctor & H. S. Milton*, for the defendants; and reargued in March 1882, by *C. T. Russell & W. E. Russell*, for the plaintiffs, and by *Proctor (Milton* with him) for the defendants.

C. ALLEN, J. It is not necessary to consider in detail all the causes of demurrer specified.

1. The consideration which is alleged in the first four counts is, " that the plaintiffs would so furnish and sell to said Webber said lumber and materials," with the allegation that the plaintiffs did sell and deliver to said Webber the said lumber and materials. There is an introductory averment that Webber had a contract with a building committee to build a schoolhouse, and applied to the plaintiffs to furnish lumber and materials to be used for said schoolhouse in performance of said contract, and the plaintiffs refused to furnish and sell said lumber and materials on the credit of Webber; but the consideration is alleged to be that the plaintiffs would furnish and sell the lumber and materials to Webber, not that they should be used in the schoolhouse. The objection that there is no allegation that they were so used, is therefore untenable.

2. According to the averments of the first and third counts, there was no promise to pay, except out of the moneys which should become due to Webber under the contract; and there is no averment that any money became due. These counts, therefore, rest on the averments of the promise to accept and honor such orders as Webber should draw. This means, so to accept them as to furnish evidence to the plaintiffs that the defendants would pay the amounts, if the same should become due to Webber. The acceptance would be conditional; but, such as it was, under the averments the plaintiffs were entitled 'to it. The question remains, if there is any sufficient averment of a refusal to perform this promise. The forms of orders which are averred to have been presented contain a specification that they are to be paid respectively " out of the third and fourth payments." The declaration does not show that the defendants agreed to accept such orders as these. The contract between Webber and the defendants does not show, and there is no averment, that the third and fourth payments were contemplated to be made,

or that such payments were still to be made when the orders were presented, or that they were equal to the amounts of the orders. So.far as can be seen, by accepting these orders the defendants might have assumed a new and additional liability. The succeeding averment, that these orders were such as the defendants had promised and agreed to accept, means only that the orders were such as would be covered by the promise which had already been set forth in the declaration, and states therefore an inaccurate conclusion of law. For these reasons, the demurrers to the first and third counts were properly sustained.

3. The second count sufficiently alleges a breach of a promise to pay the orders. The promise alleged is to pay them " out of the moneys which should become due to said Webber under said contract of building." It sets forth the making and presentment of the orders, as in the first count, and then alleges that afterwards the third and fourth payments mentioned in the orders were due and payable to Webber, and that the defendants refused to pay the orders. It is objected that it is not alleged that the third and fourth payments were ordered by the architect, as required by the contract of building. We think that the averment that the third and fourth payments were due and payable is sufficient in declaring upon a breach of the promise to pay the orders, without alleging that the payments were ordered by the architect.

4. The only objection made to the fifth and sixth counts is, that the building committee as an official body is the drawee, and the order cannot be accepted by individuals. But it does not appear that the committee differs from any association of individuals; and an order drawn upon it is drawn upon a number of individuals associated together, but not incorporated nor copartners. In such case, although a bill may be treated as dishonored if not accepted by all the drawees, if accepted by a part it will be a good acceptance as to them. Byles on Bills (7th Am. ed.) 188. Bayley on Bills (6th ed.) 58, 181. *Owen* v. *Van Uster,* 10 C. B. 318. *Tombeckbee Bank* v. *Dumell,* 5 Mason, 56.

5. The seventh count is upon a writing which is alleged to be an acceptance of the orders and a promise to pay them. But the writing is only an acknowledgment of the receipt of the

orders, and contains no acceptance of them, or promise to pay them. This count is insufficient.

· 6. Other causes of demurrer are specified; but none of them are sufficient to sustain the demurrer. The defendants cannot avail themselves, at this hearing, of objections to the declaration not specified in the demurrer. *Washington* v. *Eames*, 6 Allen, 417. *Worthington* v. *Houghton*, 109 Mass. 481.·

> *Demurrer to the 2d, 4th, 5th, and 6th counts overruled.*
> *Demurrer to the 1st, 3d, and 7th counts sustained.*