:NEW YORK LUMBER & WOOD-WORKING CO. *v.* SEVENTY-THIRD ST. BUILD-
ING CO. *et al.*

(*Common Pleas of New York City and County, General Term.* February 4, 1889.)

-1. MECHANICS' LIENS—DISCHARGE—BOND—PARTIES.
   Under mechanic's lien act N. Y. 1885, § 24, subds. 5, 6, providing that the lien may be discharged by the owner of the premises, person or persons, etc., against whom the lien is filed, executing a bond to the clerk, etc., a bond executed by the contractor as principal, without the owner of the property uniting therein, is sufficient to discharge a lien filed by a material-man.

:2. SAME—EXECUTION OF BOND—SUCCESSOR OF PARTNERSHIP.
   One member of a firm of contractors who has succeeded to the business of the firm on its dissolution, after the lien attached, may sign the bond as such successor with as much effect as if all the members of the firm united therein.

Appeal from trial term.

Action by the New York Lumber & Wood-Working Company, a corporation, to foreclose a lien on real estate of which the Seventy-Third Street Building Company and Franklin E. Robinson were owners, for material furnished for buildings thereon to William J. Merritt, George H. Tilton, and Robert A. Hollister, partners trading as William J. Merritt & Co., the contractors for said improvements. From two orders of the special term, one directing a bond to be taken in discharge of said lien, and the other approving such bond when taken, plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*Alan D. Kenyon,* for appellant.   *A. G. N. Vermilya,* for respondent the Seventy-Third Street Building Company.

BOOKSTAVER, J. Two questions are raised by this appeal. The first is-- whether any party interested in discharging a mechanic's lien may become- the principal of a bond given for that purpose, or whether the owner of the- property must in all cases unite in the bond as principal. This depends upon the construction to be given to subdivision 6, § 24, mechanic's lien law- 1885, which is as follows: "By the owner of the premises, person or persons. firm or firms, corporations or associations, against whom or which the notice- of lien is filed, executing, with two or more sufficient sureties, a bond to the- clerk," etc. The appellant contends that after the word "premises" we should insert the conjunction "and" before "person." This would render it neces-- sary that the owner of the premises should in all cases be a principal in the- bond. I think this was not the intention of the legislature. The grammat-- ical construction of the sentence does not warrant our inserting this word. A comma is placed after the word "premises," and another after the word "filed," and, under the well-known rules of construction, to ascertain the- meaning we may eliminate what is between those commas, and read it as- though there were no intermediate words. Doing this, we find that the lien may be discharged "by the owner of the premises * * * executing, with- two or more sufficient sureties, * * * a bond to the clerk," etc. So it- is apparent that the other persons interested in discharging the lien by a bond need not unite with him. But, if that is so, it follows as a matter of course- that the other "person or persons," etc., interested in the removing of the- lien, may do so by themselves becoming principals, without the owner uniting- with them. This view is sustained by subdivision 5 of the same section, which says that the lien may be discharged by "the owner of the property * * *- affected by any notice of lien filed under this act, or the person or persons," etc., at any time after the filing of the notice, serving a notice, etc. Here the- disjunctive "or" is actually inserted. It was doubtless the intention of the legislature to give the same opportunity to either the owner or contractor, in the sixth subdivision. This view is further sustained by subdivision 3 of the- same section, in regard to discharging the lien by making a deposit; and un-- der that subdivision it has been held that, where the deposit has been made- by the contractor, the lien must be discharged as to the owner. Schaettler v. Gardiner, 4 Daly, 56. In no case, if the owner complies in all respects with the terms of his agreement with the contractor, is either he or his land liable- to the payment of mechanics' liens, and therefore it is only reasonable to sup- pose that the legislature did not intent to require him to make himself liable beyond the clear intent of the act.

The second question arises under the following facts: The contractors for- the work under which the plaintiff claims a lien were William J. Merritt &. Co., composed of William J. Merritt, Robert A. Hollister, and George H. Tilton. Before the filing of the bond, Hollister and Tilton had withdrawn from the firm, and Merritt became its successor. He alone executed the bond. as principal, describing himself as "successor to the late firm of William J. Merritt & Co." The appellant contends that Hollister and Tilton should both have united in the execution of the bond. However this might have been had the firm been composed of the same persons at the time of giving the- bond, I do not think it was necessary for the persons who had withdrawn from the firm to unite with Merritt in the bond at the time it was given. He- then was the sole party in interest as far as the contract was concerned, or the- moneys due under it. As successor to the firm, he could bind the firm in all respects by his acts; his release of a firm debt would have been good; any act- done by him to collect a firm debt would have been binding upon the other- members of the firm. And besides, the discharge of the lien by the giving of the bond does not relieve either Hollister or Tilton from any money judg- ment that may eventually be recovered against the original contractors. The- persons who did not unite in the bond will be as much bound by that judg--

ment as Merritt is himself, and they are just as much security for the money judgment now as they would have been had they united in the giving of the bond.

I think, therefore, this point is not well taken, and that the orders should be affirmed, with costs.    All concur.