(20 Misc. Rep. 222.)

### JONES v. McKENZIE.

(City Court of New York, General Term. May 11, 1897.)

MECHANICS' LIENS—ENFORCEMENT OF BOND—PARTIES.

The sureties on a bond given to discharge a mechanic's lien (Laws 1885, · c. 342, § 19) are necessary parties to an action by a subcontractor to enforce his lien.

Appeal from special term.

Action by Susan Jones against John McKenzie, impleaded, etc. From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendant McKenzie appeals. Reversed. ·

Argued before McCARTHY and FITZSIMONS, JJ.

Isaac L. Sink, for appellant.
M. Owen Roberts, for respondent.

McCARTHY, J. This is an appeal from an interlocutory judgment entered on an order overruling the amended demurrer of the defendant McKenzie to the complaint. Mrs. Sedgwick, the owner, made a contract with the defendant Farley, whereby he agreed to build an extension to her house for the sum of $1,600, and Farley then agreed with the plaintiff that for the sum of $1,350 the latter should do this work and furnish materials for the erection of the extension. Plaintiff then proceeded with her contracts, and did work and furnished materials in the erection of the extension, and thereafter assigned the contract to the defendants McKenzie and Pershall (who were partners under the name of McKenzie & Co.) for the sum of $200, which McKenzie & Co. and Farley were to pay to the plaintiff for the work and materials already done and furnished. The plaintiff has demanded this said sum of $200 of the defendant, but payment thereof has been refused, and the plaintiff filed a lien to enforce its payment. At the time the lien was filed, there was due from Mrs. Sedgwick to Farley, and from Farley to McKenzie & Co., an amount greater than the plaintiff's claim. The lien was discharged by a bond, and plaintiff, in conclusion, asks for judgment for foreclosure and sale of the property. The appellant now demurs to the complaint, assigning as grounds of objection: First, a defect of parties defendant, occasioned by the nonjoinder of the sureties upon the bond to discharge the lien mentioned in the complaint; second, the insufficiency of the complaint on its facts.

There was a defect of parties defendant in the failure to join the sureties. Subdivision 6 of section 24, c. 342, Laws 1885, entitled "Mechanics' Lien Laws of New York," requires that a bond shall be given with sureties. Upon the approval of said bond by the court, or a judge thereof, an order discharging such lien may be made by the court, or a judge thereof, and the owner need not join in the bond given by the contractor. It is sufficient to discharge the lien filed by the subcontractor. New York Lumber & Wood-Working Co. v. Seventy-Third St. Bldg. Co. (Com. Pl.) 3 N. Y. Supp. 937. While a lien against the property is discharged, the action proceeds as before, the same as in an action for foreclosure of a mortgage; the act (Laws 1885, c. 342, § 19) providing a substitute in the way of the bond and sureties thereto, and declaring that it shall take the place of the property, and become subject to the lien in the place of said property. Whatever doubt there was has been cleared away, and the law is now settled. Morton v. Tucker, 145 N. Y. 244–249, 40 N. E. 3, 4. Haight, J., in the case cited supra, says:

"The action is in equity, brought under the statute, in which all of the persons interested, including the sureties upon the bond, are made parties. The complaint is in the usual form, with the exception that it should allege the giving of the bond and the discharging of the lien, so far as the real estate is concerned; and, instead of asking judgment for a sale of the premises, it should demand relief as against the persons executing the bond for the amount that should be determined to be payable upon the lien. The court then upon the trial can determine the rights and equities of all of the parties, and award the final judgment contemplated by the statute."

The sureties on the bond discharging the lien should have been made parties defendant to this action, and the demurrer should have

been sustained. The order overruling the demurrer and the inter-locutory judgment entered thereon is hereby reversed, with costs, and the disbursements of this appeal. And the demurrer is hereby sus-tained, with costs, and with leave to the plaintiff to amend said sum-mons and complaint by making said sureties parties defendant to the action herein on payment within five days after notice of entry of the order of reversal of the aforesaid costs and disbursements of appeal herein and the costs of the demurrer.

FITZSIMONS, J., concurs.

—————————

(20 Misc. Rep. 231.)

### HIGGINS v. JOHN HANCOCK MUT. LIFE INS. CO.

(City Court of New York, General Term. May 11, 1897.)

LIFE INSURANCE—FALSE ANSWER IN APPLICATION.

    A false answer in an application avoids the policy, where both applica-tion and policy so provide, and the insured was intelligent and able to read; and it is immaterial whether the answer was knowingly or ignorantly false.

Appeal from trial term.