GERARD, J. Plaintiff is the husband of defendant, Gussie Brachfeld. They quarreled and separated. The wife stored the furniture of their home with the defendant warehouse company. Plaintiff sued that company in replevin, and the wife was thereafter made a party defendant. The judgment appealed from awards all the chattels to the wife. I regret that this judgment must be reversed, because there is absolutely no proof, even in general terms, as to the wife's ownership of several of the chattels, such as the parlor set. The judgment may award some chattels to one party and some to another.

Judgment reversed and new trial ordered, with costs to abide the event. All concur.

WOOD MFG. & REALTY CO. OF LONG ISLAND v. JOHNSTONE et al.

(Supreme Court, Appellate Division, Second Department. January 19, 1912.)

1. MECHANICS' LIENS (§ 271*)—SUBCONTRACTORS' LIENS—FORECLOSURE—COMPLAINT.

A complaint in an action by a subcontractor to foreclose a mechanic's lien which fails to allege that at the time of the filing of the lien or thereafter, any sum of money was due from the owner to the contractor, is fatally defective.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 271.*]

2. PLEADING (§ 211*)—MOTION TO DISMISS COMPLAINT—EFFECT.

A motion to dismiss the complaint for failure to state a cause of action made at the beginning of trial must be treated as a demurrer, and should not be granted unless, after admission of all the facts alleged, no cause of action is pleaded.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 211.*]

3. MECHANICS' LIENS (§ 271*) — FORECLOSURE — COMPLAINT — SUFFICIENCY — "MONEY APPLICABLE."

A complaint in an action by a subcontractor to foreclose a mechanic's lien and for a personal judgment, which alleges that plaintiff contracted with a third person to furnish materials for a building on premises of defendant, that he furnished materials and received a part of the price, that the third person, for the balance, executed an order on defendant to deduct from the final payment a specified sum and pay the same to the subcontractor for goods delivered and to be delivered by him, that the owner accepted the order, that at the time of the acceptance of the order a contractual relation existed between the third person and defendant who had in his possession money belonging to the third person, that said money is in the hands of defendant applicable to the payment of the order, charges facts disclosing the existence of a fund against which the order was directed and states a cause of action as against a motion to dismiss treated as a demurrer, and any defect in the complaint must be reached by motion to make it more definite and certain; the term "money applicable" meaning money which one is entitled to have applied in payment.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 271.*

For other definitions, see Words and Phrases, vol. 1, p. 456.]

4. MECHANICS' LIENS (§ 303*)—ENFORCEMENT—PERSONAL JUDGMENT—COMPLAINT.

One suing to foreclose a mechanic's lien may recover a personal judgment where the complaint states a cause of action for goods sold and delivered.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 303.*]

---

Appeal from Special Term, Nassau County.

Action by the Wood Manufacturing & Realty Company of Long Island against Gilbert L. Johnstone and others. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John P. Everett, for appellant.
Martin L. Stover, for respondents.

JENKS, P. J. At the beginning of trial the Special Term granted a motion made by those defendants who were the owners of the realty, to dismiss the complaint for failure to state a cause of action. The complaint comprises two counts: First, for the foreclosure of a mechanic's lien; and, second, for a personal judgment against the defendant Johnstone upon his writing.

[1] In the first count the plaintiff declares as a subcontractor, but fails to allege that at the time the lien was filed or thereafter any sum of money was due from the owners to the contractor. I think that this was a fatal defect. Ball & Wood Company v. Clark & Sons Co., 31 App. Div. 356, 52 N. Y. Supp. 443; Brainard v. County of Kings, 155 N. Y. 538 at page 545, 50 N. E. 263; Maneely v. City of New York, 119 App. Div. 376–378, 105 N. Y. Supp. 976.

[2] But the motion as made and when made is regarded practically as a demurrer and should not have been granted unless it appeared after admission of all the facts alleged "no cause of action whatever" was pleaded. Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572. I am inclined to the view that despite the keen and justifiable criticism of the learned counsel for the respondents, there was a cause of action stated against the defendant Johnstone.

[3] The skeleton of the plea is as follows: Prior to April 29th, the plaintiff contracted with the Builders & Craftsmen Company, with the knowledge and consent of defendants Johnstone and White, for certain materials for the construction of a building upon the specified premises of the defendants. Pursuant thereto the plaintiff supplied material, a part of the price was paid, on November 9, 1909, the plaintiff demanded payment of the specified balance then due, and the said company executed a written order upon Johnstone for $1,600, which Johnstone accepted and agreed to pay. The order set forth was addressed to Johnstone, dated November 9, 1909, and read:

"Please reserve and deduct from the final payment due us under the contract with you for erecting residence at Manhasset, L. I., the sum of sixteen hundred dollars ($1,600.00) and pay the same to the Wood Mfg. and Realty Company of Long Island on account of goods delivered and to be delivered by them on" said job, "and when so paid the foregoing shall act as your receipt, * * * and we shall receive credit for same from the said Wood Mfg. & Realty Company of Long Island. Builders & Craftsmen Company. Accepted: G. L. Johnstone."

The order was accepted, thereafter filed by the plaintiff and docketed in the lien book, and Johnstone promised and agreed to pay the plaintiffs the amount of said order. The plaintiff then pleads upon

information and belief .that at the time of the making and acceptance of said order— ⁘ ⁘ ;

"some contractual relationship existed between the Builders & Craftsmen Company and the defendants Johnstone and White, and that by reason thereof the said defendant Gilbert L. Johnstone. had in his possession moneys belonging to the Builders & Craftsmen Company, and that by reason thereof promised and agreed to pay the amount expressed in the said order and did by his acceptance thereof obligate himself to the payment of the same, and induced this plaintiff to rely upon the credit of the same and continue in furnishing said material; that as this plaintiff is now informed and verily believes that the said moneys are still in the hands of the said Johnstone applicable to the payment of the amount expressed in the said order, and the whole amount thereof is now due, owing, and payable from the said defendant to this plaintiff."

The criticism of the respondents is that the order is payable out of a particular fund, and that there is no allegation that the fund ever became due. It is said that the "said moneys" refers back to the moneys described in the first part of the plea, alleged to have been due when the order was given; that the words "applicable to the payment of the said order" are a mere conclusion of law; that "it appears affirmatively that *said moneys* which plaintiff alleges were due were some intermediate payment, for they were alleged to be due at the time of giving the order when there still remained work to be done"; that there may have been funds from other sources in Johnstone's hands, and that whether these were applicable was a conclusion of law. Money "applicable" has been construed to mean money which one was entitled to have applied in payment. Webster v. Am. Bible Society, 50 Ohio St. 1, 33 N. E. 297: "An allegation that a sum is due, if by the context it appears to mean merely that a person is indebted, is a mere conclusion, and bad on demurrer except where sanctioned by statute; but where facts constituting indebtedness are substantially alleged, 'due' may be understood to mean payable, and is an allegation of fact sufficient to show maturity of the debt." Abbott's Brief on the Pleadings, 238. See, too, Buehler v. Pierce, 175 N. Y. at page 266, 67 N. E. 573. I think, reading the entire count, that we may construe the final allegations thereof that the moneys were "applicable, due, owing, and payable" as sufficient to charge the existence of the specific fund against which the order was directed. Smith v. Milton, 133 Mass. 369; and see generally Williamson v. Wager, 90 App. Div. at page 189, 86 N. Y. Supp. 684, citing Bliss on Code Pleading, 213; Rochester Ry. Co. v. Robinson, 133 N. Y. 246, 30 N. E. 1008. If the conclusions were to be regarded as of fact, and the defendant desired definiteness and certainty, the remedy was a motion for that purpose. Eppley v. Kennedy, 198 N. Y. at page 351, 91 N. E. 797.

[4] Further, if the complaint contained allegations sufficient to constitute a cause of action for goods sold and delivered, a personal judgment may be gained as in an action on a contract. Abbott v. Easton, 195 N. Y. at page 376, 88 N. E. 572. While the pleading is not to be commended, I am inclined to the view that it contains enough to sup-

port assumpsit. The prayer is sufficient. Jensen on Mechanics' Liens, 213, and authorities cited.

The judgment should be reversed, without costs, and a new trial should be granted, costs to abide the final award of costs. All concur.