FRANK RANIERI, Appellant, *v.* WILLIAM A. BRANDENBURG and LOUIS BRANDENBURG, Respondents, Impleaded with VALENTINO MARCELLO.

Second Department, June 16, 1922.

Liens — mechanic's lien — action against owners and contractor to foreclose lien — complaint not insufficient for failure to allege amount due from owners to contractor — Lien Law, § 4, not applicable.

The complaint in an action against the owners of a building and the contractor engaged in the construction thereof, to foreclose a mechanic's lien thereon, which alleges that the material was sold and delivered " to the defendants " is not insufficient on the ground that it does not allege the amount due from the owners to the contractor, for under the complaint the owners are primarily liable and their property is subject to the lien without regard to the amount due the contractor, and, therefore, no allegation of that amount was necessary.

Section 4 of the Lien Law, which provides in effect that where labor is performed for or materials furnished to a contractor, the lien shall not be for a sum greater than that earned and unpaid on the contract at the time of the filing of the notice of lien and any sum subsequently earned thereon, is not applicable.

The holding that the complaint is sufficient is not to be construed as holding that it is adequate, if upon the trial the testimony should show that the materials were actually sold and furnished to the contractor alone.

APPEAL by the plaintiff, Frank Ranieri, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 4th day of January, 1922, dismissing the complaint as to the defendants Brandenburg.

*Abraham Feinstein,* for the appellant.

*Ed. J. Fandrey,* for the respondents Brandenburg.

JAYCOX, J.:

The plaintiff seeks to foreclose a mechanic's lien upon premises owned by the defendants Brandenburg. After alleging in the complaint the ownership of the premises as above stated, and that the defendant Marcello received a general contract from the defendants Brandenburg for the construction of a brick building upon said premises for the sum of $10,000, the plaintiff further alleges: "*Third.* That between November 3, 1920, and December 3, 1920, at the instance and request of defendants, plaintiff sold and delivered and furnished for said job to the defendants, brick, cement, sand, lime and gravel, of the agreed price and reasonable value of the sum of Twenty-four hundred Fifty-four & 25/100 ($2,454.25) Dollars, no part of which has been paid to this plaintiff," and then continues with the usual allegations contained in a complaint in such an action. Upon the motion of the defendants Brandenburg the complaint has been dismissed, as to them, for failure to state facts sufficient to constitute a cause of action. The respect in which it is claimed the complaint is deficient is in failing to allege that at the time the lien was filed or thereafter, any sum of money was due from the owner to the contractor. (*Wood Manufacturing & Realty Co.* v. *Johnstone,* 148 App. Div. 747; *Siegel* v. *Ehrshowsky,* 46 Misc. Rep. 605; *Gribben* v. *Hoare,* 54 id. 245; *Ball & Wood Co.* v. *Clark & Sons Co.,* 31 App. Div. 356.) The holding in those cases that such an allegation is essential to a cause of action is based upon this provision of the Lien Law: " If labor is performed for, or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon." (Lien Law, § 4, as amd. by Laws of 1916, chap. 507.) In this case plaintiff does not allege that he furnished materials to the contractor alone. Although he alleges a contract, he alleges that the materials were sold, delivered and furnished to the defendants. If the action were against the owners alone, and a sale and delivery to them alleged, I entertain no doubt that it would be sufficient. I think it does not detract from the sufficiency of the complaint to join the contractor as one of those to whom the materials were sold and furnished. This case does not come within the section of the Lien Law above quoted, nor is it governed by the authorities above cited, and no allegation of the amount due from the owners to the contractor was necessary. Under the complaint the owners are primarily liable and their property subject to the lien without regard to the amount due the contractor. The lien, a copy of which is annexed to the complaint, contains nothing inconsistent with a

direct primary liability upon the part of the owners. If upon the trial the testimony should show that the materials were actually sold and furnished to the contractor alone, this opinion is not to be construed as holding the present complaint to be adequate to sustain the cause of action, if any, that may arise from that situation.

The order dismissing the complaint should be reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

BLACKMAR, P. J., RICH, KELLY and YOUNG, JJ., concur.

Order dismissing complaint reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.