In the Matter of the Application of LYDA E. BURBRIDGE and Others, Petitioners, for an Order Directed to THOMAS J. MANGAN and Others, Constituting the Board of Regents of the University of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, February 8, 1940.

*James J. Beasley*, for the petitioners.

*Ernest E. Cole*, for the respondents.

MURRAY, J. This is a proceeding under article 78 of the Civil Practice Act for an order directed to the State Education Department of the State of New York and the State Board of Examiners of Nurses, directing them to pass upon the applications of petitioners for licenses to practice nursing as registered professional nurses, most of which have been pending before them for more than a year. The petitioners allege that they have filed applications with the respondents between July, 1938, and May, 1939, for licenses as required by section 1377 of the Education Law (added by Laws of 1938, chap. 472, effective July 1, 1938), and that the respondents are required under subdivision 9 of section 1377 of the Education Law to give petitioners a reasonable opportunity to furnish further evidence and to make up any deficiencies which, in the opinion of the State Education Department, may be necessary to meet its requirements.

The respondents, pursuant to section 1293 of the Civil Practice Act, move for an order directing that the petition herein be dismissed upon the merits upon the following grounds:

1. The respondents have not made a determination which finally determines the rights of the petitioners (Civ. Prac. Act, § 1285, subd. 3).

2. The respondents have not failed to perform a duty specifically enjoined upon them by law (Civ. Prac. Act, § 1296, subd. 1).

The petitioners do not claim that the respondents have made a determination finally determining their rights, but their grievance is that no determination has been made by the respondents, and that respondents should be compelled to act and make a determination affecting their rights. Therefore, the first objection in law does not seem to have any basis for consideration in this application, because it is not within the issues to be decided upon this application.

The respondents together with their objections in point of law filed with the court an affidavit of Milton E. Loomis, Associate Commissioner of Education of the State of New York, and said affidavit is apparently an answer to the allegations set forth in the petition, because it explains in detail the volume of work involved to act upon the mass of applications to be received under this new act. The affidavit sets forth reasons for any delay in acting upon these applications, stating inadequacy in staff and lack of additional appropriations as the main reasons for any delay in the past, and further, it attests to the good faith of the State Education Depart-

ment and the Board of Examiners of Nurses, by stating that they are acting upon the applications as soon as physically possible and by flatly denying that said Department and said Board have neglected or refused to act upon the applications of the petitioners.

The petitioners comprise two groups. Some have graduated from a school of nursing in another State, province or country and have there completed a course of nursing equivalent, they claim, to that required in New York State at that time. Some have graduated from schools of nursing giving courses in nursing of at least two years' duration in general hospitals which they claim were a satisfactory substitute for the course of study required in New York State, and that they engaged in the reputable practice of nursing for at least one year after graduation, which fact is verified by affidavits of two physicians, members of a county medical society. None of the petitioners herein held licenses as trained nurses prior to the enactment of this new act and do not come within subdivision 3 of section 1377.

The petitioners claim that in their applications they meet the requirements set forth in subdivision 4 and subdivision 6 of section 1377 of the Education Law.

Subdivision 4 of section 1377 reads as follows: " Any person who (a) has graduated from a school of nursing accredited in any other State, province, or country and is licensed in any other State, province or country; (b) meets the requirements as to age, character and citizenship; (c) and who has completed a course in nursing considered by the Department to be a satisfactory equivalent to that required in this State at that time; (d) was a resident of New York State for the six months immediately prior to July first, nineteen hundred thirty-eight, may, prior to July first, nineteen hundred forty, file with the Department an application for a license as a registered professional nurse. Upon recommendation of the Board, the Department may license such person as a registered professional nurse without examination."

Subdivision 6 of section 1377 reads as follows: " Any person who (a) has graduated from a school of nursing in this State giving a course of study in nursing of at least two years duration in a general hospital considered by the Department to be the satisfactory substitute for the course of study, required in this State at the time his or her nursing course was taken and (b) meets the requirements as to age, character and citizenship, may, prior to July first, nineteen hundred forty, file with the Department an application for a license as a registered professional nurse. Upon recommendation of the Board, the Department may license such person as a registered professional nurse provided he or she shall pass a practical

examination of a character to be determined by the Board subject to the approval of the Department, or provided he or she shall have been engaged in the reputable practice of nursing for at least one year after graduation. Such practice must be verified by affidavits of two physicians, members of a county medical society, that the applicant has satisfactorily performed the duties of a nurse."

It is important to note that the petitioners to be qualified under subdivision 4 of section 1377 must be: " Any person who (a) has graduated from a school of nursing accredited in any other State, province, or country, *and is licensed in any other State, province or country.*" (Italics supplied.)

The petitioners do not contend that they come under subdivision 8 of section 1377, which imposes the specific time limitation of July 1, 1940, for the admission of graduates of outside schools of nursing after examination. The petitioners place particular emphasis upon subdivision 9 of section 1377. This subdivision provides: " In determining the equivalent of a course of study in a school of nursing, the Department shall grant an applicant reasonable opportunity to furnish further evidence and to make up any deficiencies, which, in the opinion of the Department, may be necessary to meet its requirements."

The petitioners, therefore, contend that subdivision 9, in relation to subdivisions 4 and 6 of section 1377, imposes a specific duty by law upon the respondents to act upon their applications, because they reason that if their applications are rejected by the Department they will not have a reasonable opportunity before July 1, 1940, to furnish further evidence and make up any deficiencies as to the equivalent of a course of study which, in the opinion of the Department, may be necessary to meet the requirements. They reason that if they are not accorded this opportunity before July 1, 1940, their applications may be rejected, and they may be bound by a construction of the statute that their applications were not completely filed before July 1, 1940, pursuant to said statute, and thus deprived of their livelihood by the neglect of the respondents.

The fear of the petitioners that by a future construction of the statute they may be barred from obtaining licenses is a substantial one, possessing merit and not frivolous. Construction of statutes is usually a difficult problem, and at times it is difficult to grasp the true intent of the legislators in construing statutory law. It would be a serious hardship upon the petitioners for a future construction of the statute to forever deprive them of their right to file applications, because of willful or careless disregard of their rights by the respondents.

Therefore, solely in relation to the rights of the petitioners herein, it is my construction of the statute that the time limitation of July 1, 1940, contained in subdivisions 4 and 6 refers solely to the expiration date for the filing or receiving by the Department of applications. I do not construe subdivision 9 to impose this time limitation, because reference is not made to any date therein, and a fair construction of the subdivision seems to place a mandate by the words " shall grant " upon the Department to grant reasonable opportunity to furnish further evidence even after the expiration date, if an application has been filed and received prior to said date.

However, despite this construction, there is still the hardship to be encountered by the petitioners that if by reason of delay, their applications are not acted upon by July 1, 1940, and licenses are not granted by that date, the statute specifically prohibits the practice of nursing by the petitioners after that date. The court cannot remedy this situation by judicial decree, but application should be made to the Legislature for an extension of this deadline, and because of hardship imposed upon petitioners and others similarly situated by circumstances not within their control, it seems that such legislative extension should be granted.

This proceeding is commenced under chapter 526 of the Laws of 1937, entitled article 78 of the Civil Practice Act. This article is confined to the establishment of a uniform procedure of obtaining relief formerly obtained by certiorari, mandamus or prohibition. However, the substantive principles of these old procedures, clearly defined by numerous court decisions, have not been extinguished by the new article. This proceeding under the old procedure would be for an order of mandamus directed to the respondents.

Mandamus will not lie to compel a general course of official conduct, as it is impossible for a court to oversee the performance of such duties. (*State ex rel. Hawes* v. *Brewer*, 39 Wash. 65; 80 P. 1001; *Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437.)

The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of reasonable doubt or controversy. (*Matter of Colonial Beacon Oil Co., Inc.,* v. *Finn,* 245 App. Div. 459.)

Justice FELIX FRANKFURTER, of the United States Supreme Court, in forceful and vigorous language recently summarized the attitude of the courts in the case of *Federal Communications Comm.* v. *Pottsville Broadcasting Co.* (—— U. S. ——) by stating: " courts are not charged with general guardianship against all potential mischief in the complicated tasks of government. The present case makes timely the reminder that, ' Legislatures are ultimate

guardians of the liberties and welfare of the people in quite as great a degree as the courts.' * * * Congress, which creates and sustains these agencies must be trusted to correct whatever defects experience may reveal."

In view of these recognized principles judicially declared, I am constrained to deny the application of the petitioners. The granting of the order applied for might well create chaos and confusion. The good faith of these Boards in dealing with applicants must be presumed, and if this good faith is lacking the petitioners are not remediless. The respondents should act as expeditiously as possible in the consideration of applications, and particularly those covering applicants similar to the petitioners herein, in order that their rights may be preserved, and that they may not be barred by the future construction of the statute.

The petition is not dismissed upon the merits upon the second objection of law interposed by the respondents, but upon the ground that, considering the affidavit filed by the respondents as an answer to the petition, the respondents have not failed to perform a duty specifically enjoined upon them by law.

Application denied and petition dismissed, without costs.