Lawrence H. Cooke, J.
In this action purportedly to foreclose a mechanic’s lien, defendant Kingston Plaza, Inc., moves “ for a judgment dismissing the complaint herein pursuant to Rule 3211 of the Civil Practice Law and Rules on the ground that there is an existing order dated February 14, 1964 and filed in the Ulster County Clerk’s Office on February 19, 1964, discharging the Mechanic’s Lien dated December 23, 1963 upon which the alleged cause of action of the plaintiff against the defendant, Kingston Plaza, Inc. is based.”
It appears: that the action was commenced against the moving defendant by the service of a summons and complaint on or about May 1, 1964; that the action is based on a mechanic’s lien filed in the Ulster County Clerk’s office on December 24, 1963; that an order was made at Special Term discharging said lien of record upon the filing thereof together with a bond in the sum of $24,000; and that said order and bond were filed on February 19, 1964.
Section 44 of the Lien Law provides in part: “ In an action in a court of record to enforce a lien against real property or a public improvement, the following are necessary parties defendant : * * * 3. All persons appearing by the records in the office of the county clerk or register to be owners of such real property or any part thereof. ’ ’ Said section makes no distinction between liens not discharged and those discharged by bond or undertaking, the requirements in regard to parties being the same in either case (Maneely v. City of New York, 119 App. Div. 376, 393; Von Den Driesch v. Rohrig, 45 App. Div. 526; Sheffield v. Robinson, 73 Hun 173, 175; Atlantic Terra Cotta Co. v. Rubenfield Constr. Corp., 126 Misc. 279, 280, affd. 222 App. Div. 689; Jones v. McKenzie, 20 Misc. 222; Blanc, N. Y. Law of Mechanics’ Liens, pp. 641-642; 16 Carmody-Wait, New York Practice, p. 313).
Moving defendant’s reply affidavit states in part: “The defendant, Kingston Plaza, Inc. does not deny that it is a proper party defendant under Section 44 (3) of the Lien Law but takes *65 the position that the complaint herein improperly demands judgment for relief to which the plaintiff is not now entitled by virtue of the filing of the bond or undertaking pursuant to Section 37 of the Lien Law. That in the demand for relief, the plaintiff demands judgment that the property of the defendant, Kingston Plaza, Inc. be decreed to be sold according to law and that the moneys arising from said sale be brought into Court. This is an improper demand. The relief requested should be one to procure a judgment on the undertaking rather than a judgment to foreclose against the real estate.” But the prayer for relief does not determine the sufficiency of the complaint and a prayer for the wrong relief does not require a dismissal for insufficiency so long as plaintiff demonstrates the right to some relief under the facts pleaded (Erbe v. Lincoln Rochester Trust Co., 3 N Y 2d 321, 325-326; Niagara Falls Power Co. v. White, 292 N. Y. 472, 480; Kaminsky v. Kahn, 13 A D 2d 143, 146; Mahoney v. Ogden, 6 A D 2d 711; cf. Eagle Contrs. of Utica v. Black, 7 AD 2d 622, affd. 8 N Y 2d 732).
Although the motion for dismissal is made pursuant to CPLR 3211 and although it is pointed out that an order has been entered discharging the lien upon which the cause of action against moving defendant is based, no specific ground under subdivision (a) of said rule is set forth. It would appear from the language of its papers that movant had in mind ground “ 7 ”, that “ the pleading fails to state a cause of action ”. However, it is noted that the complaint of plaintiff subcontractor fails to allege that at the time the notice of lien was filed, or thereafter, any sum of money was due to the contractor under the principal contract, such an allegation being essential (Lien Law, § 4; Brainard v. County of Kings, 155 N. Y. 538, 544-545; Ranieri v. Brandenburg, 201 App. Div. 749; Wood Mfg. & Realty Co. v. Johnstone, 148 App. Div. 747, 748; Maneely v. City of New York, 119 App. Div. 376, 388; Ball and Wood Co. v. Clark & Sons Co., 31 App. Div. 356, 359-360; Walsh v. Boulder Apts., 191 N. Y. S. 2d 503, 505-506; 16 Carmody-Wait, New York Practice, p. 344; Blanc, N. Y. Law of Mechanics’ Liens, pp. 681-682).
The power to allow amended pleadings in actions arising under the Lien Law is the same as in ordinary civil actions (16 Carmody-Wait, New York Practice, p. 335). Here, plaintiff has taken advantage of the permission granted to him to submit papers indicating that he desires leave to plead again in the event the motion is granted and setting forth certain evidence, in accordance with CPLR 3211 (subd. [e]).
*66 Motion to dismiss as to moving defendant granted with leave to plaintiff to plead again by serving an amended complaint within 20 days after service of a certified copy of the order to be entered herein with notice of entry. Submit order.