George L. Cobb, J.
Respondent moves to dismiss the instant proceeding as a matter of law upon the basis that from the face of the petition it appears that it is prematurely brought, that no question reviewable in an article 78 proceeding has been raised, and that the petition does not state a cause of action. While not expressed in such terms, this motion to dismiss upon ‘ ‘ objections in point of law ” (CPLR 7804, subd. [f]) is in the nature of a demurrer (Matter of Board of Educ. of City School Dist. of City of Mount Vernon v. Allen, 32 A D 2d 985). Upon such a motion, all of the allegations of the petition are deemed to be *930 true and the inquiry is limited to ‘ ‘ whether it states in some recognizable form any cause of action known to our law ” (Duller g v. Mock, 1 N Y 2d 54, 56). If it does, the motion must be denied even if the relief the court may grant is not the relief the petitioner requests (Lehmann v. Kingston Plaza, 44 Misc 2d 63, 65).
The New York State Off-Track Pari-Mutuel Betting Law (L. 1940, ch. 254, as amd.) establishes within the Department of State the New York State Off-Track Pari-Mutuel Betting Commission and authorizes it to establish and conduct systems of off-track pari-mutuel betting on horse races held within and without the State, all pursuant to the provisions of said law. Section 119 of said law (L. 1970, ch. 143, as amd. by L. 1971, ch. 423, § 4) reads, in part, as follows:
“ 1. The commission may operate the system of off-track parimutuel betting, in any participating municipality, directly through its own employees and facilities.
“ 2. The commission may, on application of a participating municipality, approve a plan of operation submitted by such municipality pursuant to which such municipality shall itself operate in whole or in part the system of off-track pari-mutuel betting within such municipality (i) in compliance with this article and the rules and regulations of the commission, and (ii) subject to audit and supervision by the commission. When such plan of operation is approved by the commission, such municipality shall be authorized and empowered to operate such system ”.
The instant petition, among other things, alleges that the petitioner has qualified as a participating municipality, that it has presented a plan for its operation of an off-track betting system to the respondent and has sought its approval thereof, that the respondent has not acted upon the plan, and that its failure in this respect is contrary to law and arbitrary, capricious and unreasonable by reason of certain matters alleged in the petition, that the respondent has a duty to act on the plan of operation submitted by the petitioner, and that it is in violation of its said duty under the law. Petitioner seeks a judgment compelling approval of its plan.
CPLR 7801 says, in part, that an article 78 proceeding shall not be used to challenge a determination which is not final. The respondent says that this provision of the statute prevents the maintenance of this proceeding because the respondent has made no final determination. In other words, the respondent reads CPLR 7801 as restricting article 78 proceedings to those which review determinations reached by public bodies or officers. But *931 the statute does not say that. All it says is that if the purpose of the proceeding is to review a determination, that determination must he a final one, but it does not say that there must be a determination before the proceeding may be maintained. The court, in Matter of Burbridge v. Mangan (173 Misc. 233, 234), refused to accept the argument respondent makes here.
The respondent says that a proceeding like this may not be brought to review the manner in which a public body or officer exercises discretion granted by the Legislature, and the court agrees that this is so. (Matter of Gimprich v. Board of Educ. of City of N. Y., 306 N. Y. 401, 405-406.) The respondent says that the Legislature granted to it the discretion as to whether or not Schenectady’s plan for off-track betting should be approved and that this court, under the principle just enunciated, may not make that decision. Again the court agrees that this is so, and, accordingly, the petitioner may not obtain the requested judgment which would direct the respondent to approve the plan. However, if the court finds that the law imposes a duty to act upon the petitioner’s application, and that the respondent has failed to discharge that duty, a judgment directing the respondent to either approve or disapprove is in order.
For instance, in Matter of Stuart & Stuart v. State Liq. Auth. (29 A D 2d 176), the court directed the New York State Liquor Authority to decide the petitioners’ applications then pending before it. In that case, the court found the duty imposed by law in the language of section 120 of the Alcoholic Beverage Control Law, which says that said Authority shall render a decision within 30 days after submission of an application to it. It is more difficult for the court to find the respondent’s duty in this case, since the statute quoted above says only that the respondent “ may * * * approve a plan ”. While the cases are few, the problem that has arisen here has arisen before.
In Matter of Donner-Hanna Coke Corp. (212 App. Div. 338, affd. 241 N. Y. 530), the court found a duty imposed by law in statutory language which gave a public official ‘ ‘ the power ’ ’ to act when he deemed it ‘ ‘ proper and feasible ’ ’ and granted a mandamus judgment.
In People ex rel. Bloy v. Walker (113 Misc. 592), the petitioner filed with the respondent village a petition pursuant to section 166 of the Village Law, praying that such action as might be necessary for the construction of a sidewalk wholly at the expense of the abutting owners should be taken. Section 166 of the Village Law, as it read at that time (see L. 1919, ch. 149) provided that the board of trustees ‘ ‘ may ’ ’ cause such side *932 walk to be constructed wholly at the expense of the abutting owners, but specified that the work should not be so done unless a hearing “be given” upon the kind of petition hereinabove referred to. The court interpreted that statute as imposing a duty upon the village board to conduct a hearing and thereafter to make a decision upon the petition. A judgment so directing was awarded to petitioner.
In Matter of Burbridge v. Mangan (173 Misc. 233, supra), mandamus was sought to compel State officials to act upon applications for licenses when the statute said that ‘ ‘ upon recommendation of the Board, the Department may license such person as a registered professional nurse without examination ” (Education Law, former § 1377, subd. 4, now § 6906, subd. 1) (emphasis supplied). While a mandamus judgment was not awarded in that case, the decision recognized the principle that public officials owe a duty to act expeditiously upon applications submitted to them pursuant to a statute which conferred upon them the power of approving such applications. (See Matter of Burbridge v. Mangan, supra, p. 238.)
As for the circumstances of this case, the court believes the applicable statute should be interpreted as requiring the respondent, within a reasonable time, to act upon proper plans duly submitted to it for approval and that, upon its failure to do so, the courts may direct it to do so, but without intruding in any way in the manner in which the discretion lodged in it is to be exercised. However, whether or not the petitioner can prove its allegations and qualify for relief must await the full submission which will follow the disposition of the instant motion.
The motion to dismiss will be denied and the respondent shall serve its answer within five days after service of a copy of the order to be entered hereon with notice of entry.